UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMIRA HAMAD, TAYLOR
HARRINGTON, ADRIENNE KRAFT,
JOLENE YEADO, SHARON PINE,
TESS GAYNOR, CAMILLE CRAWFORD,
JOANNE HINRICHS, MASON
SPRAGUE, BEATA URBANOWICZ,
STEFANI GIMENEZ, on behalf of her
Minor Child J.P.G., individually and on
behalf of similarly situated others,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC.,
 a Colorado Corporation,

    Defendant.

_____/

Case No.: 6:23-CV-01209-WWB-LHP

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF TAYLOR HARRINGTON'S CLAIMS TO ARBITRATION AND TO STRIKE HARRINGTON AS A CLASS REPRESENTATIVE WITH INCORPORATED MEMORANDUM OF LAW**

Defendant Frontier Airlines, Inc. ("Frontier"), by and through its undersigned counsel, and pursuant to the Federal Arbitration Act, 9 U.S.C. §1, *et seq*. ("FAA"), moves for entry of an order compelling Plaintiff Taylor Harrington ("Harrington") to arbitrate his claims, striking Harrington as a class representative, and dismissing or alternatively staying Harrington's claims pending completion of arbitration. In support of this motion, Frontier states as follows:

### INTRODUCTION

Harrington joined this lawsuit as one of ten new Plaintiffs/putative class representatives identified in the First Amended Complaint (Doc. 12) (the "FAC").

Harrington's claims against Frontier are subject to an arbitration agreement to which Frontier is an express beneficiary. In addition to Harrington expressly agreeing to submit all claims against Frontier to arbitration, Harrington also agreed he would pursue his claims solely on an individual basis and not in a class, consolidated, or representative capacity. As this Motion makes clear, the arbitration agreement Harrington entered into is valid, enforceable, and extends to Frontier as a beneficiary. Harrington's claims fall within the scope of that arbitration agreement. To the extent Harrington is pursuing those claims in a class or representative capacity, Harrington expressly agreed he would only pursue his claims individually. The Court should enter an order granting Frontier's present Motion, compelling the Parties to arbitrate Harrington's claims on an individual basis, striking Harrington as a class representative, and either dismissing or staying Harrington's claims against Frontier.

## FACTUAL BACKGROUND

Harrington alleges he purchased a ticket to fly on Frontier from Cleveland (CLE) to Fort Myers (RSW) on March 12, 2023. (FAC at ¶ 118). Harrington purchased his Frontier ticket on March 1, 2023. *See* Declaration of Myriah Monteneri[1] (Doc. 14-1 at 6 ¶ 22). Harrington's ticket was purchased through Expedia.com, an online travel agency ("Expedia"). *Id.* When purchasing a ticket through Expedia, passengers like Harrington are required to accept the Expedia Terms of Use ("Expedia Terms"). *See* Declaration of

---

[1] In ruling on a motion to compel arbitration, the Court can consider evidence outside of the pleadings. *Banks v. Cashcall, Inc.*, 188 F. Supp. 3d 1296, 1303 n.3 (M.D. Fla. 2016) (quoting *Chambers v. Groome Transp. of Ala.*, 41 F.Supp.3d 1327, 1334 (M.D.Ala.2014)).

2

Carolynn Howsley (Doc. 14-4 at 1 ¶ 3). Specifically, Harrington was required to click on a "Complete Booking" button that appeared below the following statement:

> By clicking on the button below, I acknowledge that I have received the Privacy Statement and Government Travel Advice and have reviewed and accept the above Rules & Restrictions and Terms of Use.

*Id.* (excerpt from Expedia's webpage showing the "Complete Booking" button). The words "Terms Of Use" were highlighted blue and provided a hyperlink to the Expedia Terms, which when clicked on, are prefaced with the following statements:

> Your use of our Service is conditioned upon your acceptance of these Terms. To book a Travel Service, you must also accept these Terms. If you do not accept these Terms, then please do not use our Service or book a Travel Service.
>
> * * *
>
> **Section 14 of these Terms contains an arbitration agreement and class action waiver that apply to all claims brought against Expedia in the United States. Please read them carefully.**

*Id.* at 4 (emphasis in original).

The Expedia Terms provide, among other things, a conspicuous Agreement to Arbitrate (the "Arbitration Agreement"). *Id.* at 24 § 14. That portion of the Expedia Terms is as follows:

> **Agreement to arbitrate ("Arbitration Agreement")**
>
> **You and we mutually agree that any disputes between us arising out of or relating in any way to our Service, these Terms, our Privacy Statement, any services or products provided by us or any of our subsidiaries, Travel Providers, or companies offering products or services through us, any dealings with our Traveler Support agents, or any representations made by us ("Claims"), will be resolved by binding arbitration, rather than in court except those resolved in small claims court. This includes any Claims you assert against us, our subsidiaries, Travel Providers, or any companies offering products or services through us (which are beneficiaries of this Arbitration Agreement). This Arbitration Agreement shall be binding upon, and shall include any claims brought by or against, any third parties,**

> **including but not limited to your spouses, heirs, third-party beneficiaries, and assigns, where their underlying claims are in relation to your use of the Travel Services. To the extent that any third-party beneficiary to these Terms brings claims against the entities covered by these Terms; those claims shall also be subject to this Arbitration Agreement. The arbitrator shall also be responsible for determining all threshold arbitrability issues, including without limitation the existence, scope, or validity of the Arbitration Agreement, any defense to arbitration such as issues relating to whether this Arbitration Agreement can be enforced, is unconscionable or illusory, and any defenses to arbitration, including without limitation jurisdiction, waiver, delay, laches, or estoppel.**

*Id.* (emphasis in original). Frontier is within the definition of "beneficiaries" because it is a "company offering products or services" through Expedia. *Id.* at 4. Frontier also fits the definition of a "Travel Provider," which is defined in the Expedia Terms as "the travel supplier making available the Travel Services[2] to [Harrington] through [Expedia]." *Id.*

Harrington also agreed in the Expedia Terms not to file class action litigation or serve as a class representative. The Expedia Terms say:

> **No class actions or representative proceedings**
>
> You and we agree that any and all proceedings to resolve Claims will be conducted only on an individual basis and not in a class, consolidated, or representative action, including without limitation as a private attorney general. The arbitrator may not consolidate more than one party's Claims and may not otherwise preside over any form of any class or representative proceeding. You and we further acknowledge that you are each waiving your right to a jury trial.

*Id.* at 25 § 14 (emphasis in original).

On September 29, 2023, Harrington and ten other Plaintiffs filed their First Amended Complaint against Frontier. (Doc. 12). The FAC asserts twelve causes of

---

[2]   "Travel Services" is defined as "travel services made available to you by the relevant Travel Provider(s) through our Service, such as stays at a property, flights, car rental or things to do, etc." (Doc. 14-4 at 4).

4

action against Frontier, all relating to Frontier's alleged assessment of fees for personal items being brought onto Frontier flights. *See generally id*. All eleven named Plaintiffs, including Harrington, seek to represent one nationwide class. FAC ¶ 372. Harrington, as a Florida resident, also seeks to represent a Florida subclass within the nationwide class. FAC ¶¶ 2, 372. There is no dispute Harrington's claims are against an Expedia Travel Provider, and there is no question that the claims relate to Frontier's "offering [of] products or services through" Expedia. (Doc. 14-4 at 24 § 14). Harrington's claims fall within the scope of the Arbitration Agreement.

Frontier's responsive pleading is due to this Court on or before October 23, 2023. (Doc. 11). Frontier is filing its Motion to Dismiss the First Amended Complaint in its entirety on October 23, 2023, and in the alternative, contemporaneously submits this Motion to Compel Arbitration for Harrington's claims. Other than these submissions, Frontier has not engaged in extensive litigation with this Court.[3] This case is still at the pleading stage, extensions have been limited, and the docket is still in its infancy. Frontier, pursuant to the Arbitration Agreement, requests this Court enforce the Arbitration Agreement and compel Harrington to submit his individual claims against Frontier.

## ARGUMENT AND MEMORANDUM OF LAW

### I. Legal Standard

Under the FAA, "[c]ourts 'must rigorously' enforce arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 230 (2013) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985));

---

[3] A defendant testing the viability of a complaint, by way of a motion to dismiss, is not inconsistent with invoking the right to arbitration. *Wilson v. Par Builders II*, 879 F.Supp. 1187, 1189 (M.D. Fla. 1995).

*Hemispherex Biopharma, Inc. v. Johannesburg Consol. Invs.*, 533 F. 3d 1351, 1366 (11th Cir. 2008) (internal quotations omitted). Arbitration agreements are presumptively valid, irrevocable, and enforceable, and courts are directed by congress to treat them as such. See *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (citing 9 U.S.C. § 2); *see also Torruellas v. Credit Acceptance Corp.*, 2020 WL 13389781, at *2 (M.D. Fla. 2020) (presumption of validity). If a party's allegations "touch matters" covered by the relevant arbitration agreement, then those claims must be arbitrated. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 n. 13 (1985) (Blackmun, J.). There exists "a liberal policy favoring arbitration agreements," especially in cases where the parties have agreed to do so. *Lewis,* 138 S. Ct. at 1621; *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991).

The FAA requires a court to either stay or dismiss a lawsuit and compel the parties to arbitration upon a showing of two things: "(a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (citing 9 U.S.C. §§2-4). Should a movant satisfy these requirements, the Eleventh Circuit has held compelling arbitration is mandatory. "[A] district court **_must_** grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute." *John B. Goodman Ltd. P'ship v. THF Constr., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003) (emphasis added).

II.    **Argument**

The Court should compel Harrington to arbitrate his individual claims against Frontier. Harrington entered into a valid and enforceable Arbitration Agreement, and

Frontier is a beneficiary of that Arbitration Agreement. Harrington's claims against Frontier, as a matter of ordinary state-law contract principles, are within the scope of the Arbitration Agreement. Finally, Harrington expressly agreed in the Arbitration Agreement he would not pursue a class action and would seek to serve as a class representative against Frontier. The Court, considering all the above, should enter an order compelling Harrington to submit his claims against Frontier to arbitration, striking him as a class representative, and either dismissing or staying Harrington's claims.

a. *Frontier Is A Beneficiary Under The Arbitration Agreement*.

Frontier is entitled to enforce Harrington's commitment to arbitrate. The Expedia Terms expressly set forth Harrington's agreement to arbitrate claims against third party travel providers, like Frontier, and further provide that travel providers like Frontier are intended beneficiaries of the Arbitration Agreement. The Expedia Arbitration Agreement expressly extends to any "[c]laims you assert against us, our subsidiaries, Travel Providers, or any companies offering products or services through us (which are beneficiaries of this arbitration agreement)." *Id.* at 24 § 14. There is no doubt that Frontier is entitled to invoke the Arbitration Agreement and that Harrington is required to arbitrate his claims against Frontier.

Courts in the Eleventh Circuit have already confirmed airlines are third party beneficiaries to Expedia's Arbitration Agreement. In 2021, the United States District Court for the Southern District of Florida held Air Europa was a third-party beneficiary of Expedia's Terms, because the Terms demonstrate a clear and manifest intent to make Air Europa a third party beneficiary to those terms and the Arbitration Agreement. *Capua v. Air Europa Lineas Aereas S.A. Inc.*, 2021 WL 965500, at *6 (S.D. Fla. 2021), *appeal dismissed*, 2021 WL 4767933 (11th Cir. 2021). District Courts in New York and Texas

7

have found the same. *Ide v. British Airways PLC*, 529 F. Supp. 3d 73, 80 (S.D.N.Y. 2021) (finding British Airways is a beneficiary of Expedia's Terms and compelling arbitration); *Ward v. Am. Airlines, Inc.*, 498 F. Supp. 3d 909, 919 (N.D. Tex. 2020) (compelling arbitration for claims brought against American Airlines for tickets purchased through Expedia and Hotwire). There is no reason a distinction should be drawn between the above and Frontier. The Court should find Frontier is a third-party beneficiary capable of invoking the Arbitration Agreement based on the Agreement's clear and obvious intent. *Capua*, 2021 WL 965500 at *5 (citing *Peters v. The Keyes Co.*, 402 F. App'x 448, 451 (11th Cir. 2010) and *Fla. Power & Light Co. v. Road Rock, Inc.*, 920 So. 2d 201, 203 (Fla. 4th DCA 2006)).

    b. <u>Harrington And Frontier Are Parties To A Valid And Enforceable Arbitration Agreement</u>.

Harrington entered into a valid and enforceable Arbitration Agreement that covers his claims against Frontier. As discussed above, the Expedia Terms provide that "any disputes between us . . . or any of our . . . Travel Providers, or any companies offering products or services through us . . . will be resolved by binding arbitration, rather than in court except those resolved in small claims court." *Id.* at 24 § 14. Importantly, the terms further provide that the Arbitration Agreement "includes any Claim you assert against … Travel Providers, or any companies offering products or services through us (which are beneficiaries of this arbitration agreement)." *Id.* at 24 § 14. This undoubtedly includes Frontier. The Federal Arbitration Act ("FAA") provides that these written agreements to arbitrate "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. As such, Harrington must submit his claim to individual arbitration. *See*, e.g. *Dean Witter Reynolds, Inc. v.*

*Byrd*, 470 U.S. 213, 218 (1985); *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273 (1995).

There is also no question that Harrington is bound by this Arbitration Agreement. To complete his booking, Harrington needed to click on a "Complete Booking" button, which appeared below the statement "By clicking on the button below, I acknowledge that I have . . . received and accept the . . . Terms Of Use." (Doc. 14-4 at 1 ¶ 3). The words "Terms of Use" provided a highlighted hyperlink to the Expedia Terms, which are prefaced with a bold and conspicuous paragraph notifying the reader of the existence of the Arbitration Agreement and its application to Harrington.

There is no dispute that the Arbitration Agreement is governed by the FAA, and this Court should give credence to that mutual assent. *Spinner v. Credit One Bank, N.A.*, 2017 WL 6731967, at *1 (M.D. Fla. 2017) (compelling arbitration where an arbitration agreement stated it was "governed by, and enforceable under, the Federal Arbitration Act"). Harrington agreed to be bound by Expedia's Arbitration Agreement as a condition of his use of Expedia's services. (Howsley Decl. ¶ 3).There is no doubt Harrington agreed to be bound by the Arbitration Agreement, as he would not have been issued his ticket without doing so. Absent argument from Harrington to the contrary, the Court should find the Arbitration Agreement valid and enforceable. *Torruellas*, 2020 WL 13389781, at *2; *Birkinbine v. Wyndham Vacation Resorts, Inc.*, 2020 WL 9595902, at *1 (M.D. Fla. 2020); *Watkins,* 2019 WL 13245876, at *1; *Sullivan v. Navient Sols., LLC*, 2019 WL 13245871, at *2 (M.D. Fla. 2019).

    c. <u>Harrington's Claims Are Within The Arbitration Agreement's Scope</u>.

Harrington's claims also fall within the Arbitration Agreement's scope. The Arbitration Agreement is designed to cover "any claims" Harrington would have against

9

any of Expedia's travel providers, including Frontier, and even more broadly "any companies offering products or services" through Expedia. (Doc. 14-4 at 24 § 14). This plain language clearly encompasses the claims Harrington is asserting relating to the allege fees he claims he was charged. *See Capua*, 2021 WL 965500 at *1 (flight cancellations are within the scope of Expedia's Arbitration Agreement); *See Torruellas*, 2020 WL 13389781, at *3 (compelling arbitration when the definition of "dispute" had "the broadest meaning possible"). All Harrington's claims stem from the products and services that Harrington alleges Frontier offered through Expedia. Harrington's claims certainly "touch matters" contemplated in the Arbitration Agreement. *Mitsubishi Motors Corp.*, 473 U.S. at 625 n. 13. The Court should find these claims fall within the Arbitration Agreement's scope and should enter an order compelling Harrington to arbitration.

    d.  <u>Harrington's Should Be Stricken As A Class Representative</u>.

In addition to agreeing to arbitrate his claims against Frontier, Harrington also expressly agreed such claims would be limited to his individual claims and not class or collective claims. This waiver of class action or representative proceeding is valid and enforceable. The United States Supreme Court has expressly upheld the validity of these class and collective action waivers in arbitration agreements, even acknowledging that class and collective actions are inconsistent with arbitration's benefits. *See American Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013); *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748-1751 (2011) ("the informality of arbitral proceedings is itself desirable, reducing the cost and increasing the speed of dispute resolution" and finding that class arbitration would sacrifice the principal advantage of arbitration and make the process "slower, more costly, and more likely to generate procedural morass"); *Stolt-Nielsen S.A. v. Anima/Feeds Int'l Corp.*, 130 S. Ct. 1758, 1775 (2010) ("a party may

not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so.") See also *McKenzie Check Advance of Florida, LLC v. Betts*, 112 So.3d 1176 (Fla. 2013) (holding that, to the extent Florida has held class action waivers void against public policy, such holdings are preempted by the FAA*); Cruz v. Cingular Wireless, LLC*, 648 F.3d 1205, 1207 (11th Cir. 2011) (same). Because Harrington entered into a valid and enforceable Arbitration Agreement with a class action waiver, the Court should strike Harrington as a class representative as part of its order compelling arbitration.

e. <u>The FAA Requires Dismissing Or Staying Harrington's Claims.</u>

Finally, and because the Arbitration Agreement controls and because it includes a valid class action waiver, the Court should enter an order compelling the parties to arbitration and dismissing these proceedings. *Ward,* 489 F.Supp.3d at 928 (dismissing claims sent to arbitration with prejudice). Alternatively, if the Court believes it may need to revisit Harrington's claims, the Court should stay these proceedings relating to Harrington until the arbitration is completed in accordance with the parties' Agreement. 9 U.S.C. § 3; *See Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (expressing a preference that district courts stay rather than dismiss arbitral claims); *Capua*, 2021 WL 965500 at *9 (staying the litigation pending arbitration); *Ide,* 529 F.Supp.3d at 80 (staying the litigation).

In any event, the Court should find there is no basis for Harrington to continue this litigation in this forum. The Arbitration Agreement is controlling, and since the Arbitration Agreement is enforceable and Harrington's individual claims fall squarely within its scope, this Court should either dismiss or stay these proceedings with respect to Harrington's individual claims pending resolution of this matter by the agreed-upon arbitration forum.

11

WHEREFORE, Defendant Frontier Airlines, Inc. respectfully requests this Court enter an order granting this Motion, compelling Harrington to submit his claims against Frontier to arbitration, striking Harrington as a class representative in this action, and dismissing or alternatively staying this action with respect to Harrington until Harrington and Frontier conduct arbitration.

Respectfully submitted October 23, 2023.

/s/ Suzanne E. Gilbert
Suzanne E. Gilbert, Esq.
Fla. Bar No. 94048
Kristin N. Royal, Esq.
Fla. Bar No. 0125734
HOLLAND & KNIGHT, LLP
200 South Orange Avenue, Suite 2600
Orlando, FL 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288
suzanne.gilbert@hklaw.com
kristin.royal@hklaw.com
*Counsel for Defendant Frontier Airlines, Inc.*

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that pursuant to Local Rule 3.01(g), Kristin N. Royal, Counsel for Defendant Frontier conferred with Mike Mann, Counsel for Plaintiffs, including by phone on October 20, 2023, and Plaintiffs do not agree to the relief sought in this motion.

/s/ Suzanne E. Gilbert
Attorney