UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AMIRA HAMAD, TAYLOR HARRINGTON, ADRIENNE KRAFT, JOLENE YEADO, SHARON PINE, TESS GAYNOR, CAMILLE CRAWFORD, JOANNE HINRICHS, MASON SPRAGUE, BEATA URBANOWICZ, STEFANI GIMENEZ**, individually and on behalf of similarly situated others,

    Plaintiff,

v.     **CASE NO: 6:23-cv-01209**

**FRONTIER AIRLINES, INC.**, a Colorado Corporation,

    Defendants.

_____/

**DEFENDANT'S MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS**

Defendant, Frontier Airlines, Inc. ("Frontier"), by and through its undersigned counsel, pursuant to the Court's inherent authority, respectfully requests entry of an order staying all discovery in this matter pending the resolution of Frontier's Motion to Dismiss. In support thereof, Frontier states as follows:

**I.  PROCEDURAL HISTORY**

1. On June 29, 2023, Plaintiff Amira Hamad filed a Class Action Complaint against Frontier related to baggage fees charged by Frontier for oversized personal items. (Doc. 1). Plaintiff Hamad, individually and on behalf of the putative class set forth in the Complaint, purported to allege four causes of action against Frontier, including for violation of Florida's Deceptive and Unfair Trade Practices Act, §§ 501.201, *et seq.*, *F.S.*

("FDUTPA"), breach of contract, fraudulent misrepresentation, and misleading advertising in violation of § 817.41, *F.S. See* (Doc. 1).

2. On September 29, 2023, Plaintiffs filed their First Amended Class Action Complaint ("FAC"), which joins 10 additional Plaintiffs and includes 8 additional causes of action. (Doc. 12). These additional causes of action include negligence, negligent misrepresentation, unjust enrichment, breach of express warranty, breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, strict liability for misrepresentation, and fraud. *Id.*

3. On October 23, 2023, with leave, Frontier filed its Motion to Dismiss Plaintiffs' First Amended Class Action Complaint, Motion to Enforce Class Action Waiver, and Motion to Strike Jury Demand (the "MTD") (Doc. 16). Therein, Frontier provides several bases for dismissal of the FAC in its entirety. Notably, and as set forth in detail in the MTD, Plaintiffs' FAC should be dismissed in full because, in accordance with well-established case law, each cause of action in the FAC is preempted by the Airline Deregulation Act ("ADA"). Moreover, Plaintiffs fail sufficiently to allege their purported causes of action, and furthermore, each Plaintiff agreed to and is bound by Frontier's Contract of Carriage, wherein they contractually waived their right to participate in a class action.

4. While discovery has not yet commenced in this matter, the Parties' Case Management Report is due to be filed by November 24, 2023. *See* (Doc. 11). Frontier seeks to stay this deadline as well as all discovery in this matter, pending the Court's ruling on the case-dispositive MTD.

## II. LEGAL STANDARD

"Courts have broad discretion in managing their own dockets." *Alcindor v. DeJoy*, No. 8:20-cv-1620, 2022 WL 19636, *1 (M.D. Fla. Jan. 3, 2022). "This discretion includes the ability to stay discovery if a movant demonstrates good cause and reasonableness." *Id.* Good cause to stay discovery exists when "resolution of a dispositive motion may dispose of the entire action." *Lepoureau v. JP Morgan Chase Bank, N.A.*, No. 3:19-cv-152, 2019 WL 13226508, *1 (M.D. Fla. Nov. 18, 2019). Moreover, a stay may be justified upon a showing of prejudice or undue burden. MIDDLE DISTRICT DISCOVERY (2021), § I (E)(4).

"[I]n deciding whether to stay discovery pending resolution of a pending dispositive motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the dispositive motion will be granted and entirely eliminate the need for such discovery." *Lepoureau*, 2019 WL 13226508 at *2. In so doing, "it is necessary for the Court to take a preliminary peek at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Id.*

## III. ARGUMENT

Good cause exists for staying discovery because the MTD is clearly meritorious and truly case dispositive. First, it is well-established that federal law, specifically the ADA, preempts state and common law claims relating to an airline's "prices" or "services." *See* MTD at 14–15 (citing 49 U.S.C. § 41713(b)(1)). Here, all causes of action in the FAC are state or common law claims that arise from Frontier's baggage fees – in other words, Frontier's prices and/or its services related to baggage. (Doc. 16 at 13–18). As such, all claims in the FAC are preempted and barred by the ADA. *Id.* (citing *Morales v. Trans*

*World Airlines, Inc.*, 504 U.S. 374, 383 (1992); *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 230 (1995); and *Northwest, Inc. v. Ginsberg*, 134 S. Ct. 1422 (2014)).

Second, even if not preempted, Plaintiffs fail sufficiently to allege their purported causes of action. (Doc. 16 at 22–25). Specifically: (1) Plaintiffs' own allegations in the FAC make clear they were on notice regarding baggage fees, thus barring their purported breach of contract claim; (2) Plaintiffs' tort claims are barred by the independent tort doctrine; (3) Plaintiffs' unjust enrichment claim is impermissibly duplicative of its breach of contract claim; and (4) Plaintiffs' warranty claims fail because they did not purchase "goods" from Frontier.

Finally, as demonstrated by the allegations of the FAC, Plaintiffs agreed to and were bound by Frontier's Contract of Carriage. As such, Plaintiffs contractually waived their right to participate in the present purported class action. *See* (Doc. 16 at 8–11).

For all of these reasons, Frontier's MTD is clearly meritorious and truly case dispositive. To that end, any temporary delay in discovery does not outweigh the substantive possibility that the MTD will be granted and entirely eliminate the need for such discovery. *See Lepoureau*, 2019 WL 13226508 at *2 (granting motion to stay pending resolution of motion to dismiss). Here, where it is clear that Plaintiffs' claims are preempted and barred, it would indeed be prejudicial and unduly burdensome for Frontier to participate in discovery that is not well-founded under federal law. Moreover, as the discovery process is time-consuming and costly, a temporary stay of discovery will promote cost-savings and efficiency for all Parties as well as the Court.

**WHEREFORE,** Frontier respectfully requests the entry of an order staying all discovery pending the resolution of Frontier's Motion to Dismiss.

Respectfully submitted October 23, 2023.

                    */s/ Suzanne E. Gilbert*
                    Suzanne E. Gilbert, Esq.
                    Florida Bar No.: 94048
                    Kristin N. Royal, Esq.
                    Florida Bar No.: 0125734
                    HOLLAND & KNIGHT, LLP
                    200 South Orange Avenue, Suite 2600
                    Orlando, FL 32801
                    Telephone: (407) 425-8500
                    Facsimile: (407) 244-5288
                    suzanne.gilbert@hklaw.com
                    kristin.royal@hklaw.com
                    *Counsel for Defendant Frontier Airlines, Inc.*

## **LOCAL RULE 3.01(g) CERTIFICATION**

I hereby certify that pursuant to Local Rule 3.01(g), Counsel for Defendant Frontier, Kristin Royal, conferred with Counsel for Plaintiffs, Mike Mann, by phone on October 20, 2023. Plaintiffs do not agree to the relief requested herein.

                    */s/ Suzanne E. Gilbert*
                    Suzanne E. Gilbert, Esq.