**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

AMIRA HAMAD, ET AL.,

    *Plaintiffs*,

v.                                          Case No. 6:23-CV-001209-WWB-LHP

FRONTIER AIRLINES, INC.,

    *Defendants*.

_____

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1. Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties collaborated on drafts of the present report beginning on 11/7/23 and conducted the planning conference by phone on **11/21/2023**. **Michael G. Mann, Esq., Suzanne E. Gilbert, Esq., and Kristin N. Royal, Esq.,** attended the conference.

**2. Deadlines and Dates**

The parties request these deadlines and dates:[1]

---

[1] Frontier filed its Motion to Dismiss on October 23, 2023. (Doc. 16). Contemporaneously, Frontier filed its Motion to Stay Discovery pending the Court's ruling on its Motion to Dismiss. (Doc. 17). If granted, Frontier's Motion to Dismiss is case-dispositive. Accordingly, and for the reasons set forth in its Motion to Stay, Frontier respectfully submits that all deadlines for disclosure and/or discovery should be stayed pending the Court's ruling on the Motion to Dismiss. Plaintiffs intend to oppose Frontier's Motions to Dismiss and to Stay (Doc. 21), but their responses are not yet due. As per the Court's Order (Doc. 23), Plaintiffs must respond on or before November 30, 2023.

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 1/5/2024 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 2/2/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br>Plaintiff<br>Defendant<br>Rebuttal | <br><br>7/7/2024<br>8/21/2024<br>10/5/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 11/11/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | 10/17/2024 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 1/27/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Jay Cohen<br>(407) 644-1181<br>Jay M. Cohen, P.A.<br>P.O. Box 2210<br>Winter Park, FL 32790 | 7/31/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 4/28/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 4/14/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 5/14/2025 |
| Month and year of the trial term. | June 2025 |

The trial will last approximately 10 days and be

  ☐ jury.

  ☐ non-jury.

Plaintiffs have requested a jury trial. Frontier moved to strike Plaintiffs' jury request as contractually waived. (Doc. 16).

3. **Description of the Action**

This class action is brought by individuals who traveled on Frontier Airlines, Inc. ("Frontier") and allege they were wrongfully charged a fee by Frontier for their personal items at their respective flight gates. The Plaintiffs allege twelve causes of action, including violation of Florida's Deceptive and Unfair Trade Practices Act, §§ 501.201, *et seq.*, *F.S.* ("FDUTPA"), breach of contract, fraudulent misrepresentation, misleading advertising in violation of § 817.41, *F.S.*, negligence, negligent misrepresentation, unjust enrichment, breach of express warranty, breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, strict liability for misrepresentation, and fraud. Frontier filed its Motion to Dismiss the Complaint in its entirety on October 23, 2023. Plaintiffs' Response is presently due on November 30, 2023.

4. **Disclosure Statement**

 ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

 ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

**8. Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9. Discovery Plan**

Preliminarily, Frontier notes that it filed its Motion to Dismiss on October 23, 2023. (Doc. 16). Contemporaneously, Frontier filed its Motion to Stay Discovery pending the Court's ruling on its Motion to Dismiss. (Doc. 17). Plaintiffs' Responses to these Motions are due on November 30, 2023. If granted, Frontier's Motion to Dismiss is case-dispositive. Accordingly, and for the reasons set forth in its Motion to Stay, Frontier respectfully submits that all deadlines for disclosure and/or discovery should be stayed pending the Court's ruling on the Motion to Dismiss. Without waiving its position, and in compliance with the Court's Order dated September 18, 2023, (Doc. 11), Frontier joins with Plaintiff to submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☒ No; instead, the parties agree to these changes: The Parties agree to a deadline of January 5, 2023, for the service of Disclosures pursuant to Rule 26(a).

B. Discovery may be needed on the subjects listed below. Notably, the inclusion of any topic in the list below does not indicate agreement by the Parties as to such topic; furthermore, the Parties do not waive any privilege, protections, or objections to any portion or subject of discovery, unless otherwise specifically stated on the record or in writing. Finally, the Parties reserve the right to seek discovery on additional topics as discovery progresses.

(1) The size, make, and model of each Plaintiff's personal item;

(2) Plaintiffs' communications with Frontier and Frontier's representative(s), and whether such communications constituted negligent and/or fraudulent misrepresentations purportedly made by Frontier;

(3) Advertising by Frontier allegedly relied upon by Plaintiffs, including whether such advertising was misleading;

(4) Frontier's knowledge regarding alleged negligent and or fraudulent communications and/or advertising;

(5) Whether Frontier's advertising and or marketing constituted any warranty;

(6) Whether Plaintiffs relied on any purported misrepresentations, misleading advertising, or warranties by Frontier;

(7) Fees allegedly paid to Frontier by Plaintiffs and any refunds or other compensation received by Plaintiffs in relation to such alleged fees;

(8) Whether Plaintiffs sustained damages caused by Frontier, including actual and/or consequential damages;

(9) The propriety of each individual Plaintiff as a class representative;

(10) The factual basis for Plaintiffs' allegations regarding sufficiency of the class, including numerosity, typicality, commonality, adequacy, and superiority;

(11) The suitability of Attorney Mike Mann, Esq., and The Cochran Firm, as class counsel;

(12) Whether the Frontier's alleged conduct occurred at all airports or just specific locations;

(13) Whether Frontier's bag sizers at the Frontier gates: (a) are the indicated sizes; (b) are manipulated (in volume and/or dimensions); and/or (c) are properly maintained by Frontier gate agents;

(14) Whether Frontier's gate agents are third-parties;

(15) Whether Frontier's policies/procedures included quotas for gate agents to "upcharge" a specific number of passengers for each flight (from "personal items" to "carry-on bags");

(16) Whether Frontier's customer service representatives negligently and/or recklessly investigated passenger's bag fee disputes and refund requests;

(17) Whether and to what extend Frontier's baggage fees are associated with any overhead expenses or not;

(18) Whether and to what extent Frontier's flight attendants have reported problems internally about the passenger baggage fees;

(19) How many passengers have been charged $99.00 for "carry-on bags" at the Frontier gate before boarding, for the last five (5) years, through to Present;

(20) How records are kept and maintained for the $99.00 "carry-on" fees for each passenger that is charged the fee;

(21) Gate surveillance footage showing passengers boarding and measuring their bags before entering the flyway;

(22) Frontier's internal memoranda regarding bag sizers and enforcing "personal item" dimensions as advertised;

(23) When did Frontier begin using the "personal item" dimension at issue in the instant case;

(24) When did Frontier begin using the "personal item" bag sizers at the gates;

(25) When did Frontier begin enforcing the "personal item" baggage fee schedule and how has it changed over the last five (5) years to present;

(26) Whether Frontier's alleged fraudulent baggage-fee boarding process causes delays for all passengers on the related flights for each plane;

(27) How many flights Frontier has operated in the last five (5) years, through to Present;

(28) How many passengers Frontier has provided carriage for in the last five (5) years, through to present;

6

 (29) How many passengers have reported being charged for their "free" personal items at the gate;

 (30) How many passengers have received refunds for their baggage fees related to an alleged "personal item" that fit inside the Frontier bag sizer at the gates;

 (31) What is the ground amount of money paid to Frontier related to "carry on" bags charged at the gate, during the last five (5) years through to present;

 (32) Whether and to what extent the passengers who paid the $99.00 "carry-on" fee at Frontier's gate were actually provided space in the plane's overhead compartments, in exchange for the $99.00 purchase for such space; and,

 (33) Copies of all internal complaints submitted by Frontier's gate agents, flight attendants, [co]pilots, or other employee, representative, or agent for Frontier, regarding the "personal item" policies and procedures.

C. Discovery should be conducted in phases:

☐ No.
☒ Yes. The Parties propose bifurcated discovery, with the first phase focused on the merits of Plaintiffs' individual claims, concluding on June 14, 2024. The second phase will be focused on the prerequisites for class certification and the merits of the class-wide claims.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes describe the issue(s).

☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d). The Parties will jointly move for an Order from the Court pursuant to FRE 502(d).

E. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.
☒ Yes; The Parties agree that Frontier is entitled to take the deposition of each of the 11 Plaintiffs plus up to 9 additional depositions. Plaintiffs have

7

indicated that they may also require more than 10 depositions. The Parties agree to discuss in good faith additional depositions by Plaintiffs over and above the allotted 10.

### 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

### 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

### 12. Signatures

*/s/ Michael G. Mann*  
**MICHAEL G. MANN, ESQ.**  
Fla. Bar No. 1020249  
The Cochran Firm Orlando, LLC  
605 East Robinson Street, Suite 330  
Orlando, Florida 32801  
Telephone: (407) 271-8590  
Facsimile: (407) 271-8059  
MMann@cochranfirmorlando.com  
Service@cochranfirmorlando.com  
MPolicard@cochranfirmorlando.com  
*Counsel for Plaintiffs and similarly situated others.*

*/s/ Suzanne E. Gilbert*  
**SUZANNE E. GILBERT, ESQ.**  
Fla. Bar No. 94048  
Kristin N. Royal, Esq.  
Fla. Bar No. 0125734  
HOLLAND & KNIGHT, LLP  
200 South Orange Avenue, Suite 2600  
Orlando, FL 32801  
Telephone: (407) 425-8500  
Facsimile: (407) 244-5288  
suzanne.gilbert@hklaw.com  
kristin.royal@hklaw.com  
*Counsel for Defendant Frontier Airlines, Inc.*