UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMIRA HAMAD, et al.,

v.   CASE NO.: 6:23-cv-01209-WWB-LHP

FRONTIER AIRLINES, INC.,

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiffs, by and through their undersigned counsel, hereby respond in opposition to Defendant's Motion to Dismiss ("MTD") Plaintiffs' First Amended Class Action Complaint ("FAC"), and Motion to Strike Class Allegations and Jury Demand (Doc. 16), and responds as follows:

1.  Frontier fraudulently extorted Plaintiffs by retroactively applying additional and subsequent baggage fees to Plaintiffs' Personal Items. Had Plaintiffs known that the fraudulent fee would be applied, Plaintiffs would have purchased a carry-on bag for a substantially reduced fee in advance. However, Frontier sought to profit from the concealment of this information, because it charges $99.00 for carry-ons at its departure gates and made a greedy 600% profit off of its own fraudulent concealments and misrepresentations. And Frontier prevented Plaintiffs from boarding until Plaintiffs paid surrendered the funds to its gate agent goons, with whom Frontier shared those profits. Plaintiffs have only a couple minutes to comply before the goons locked the doors, let alone obtain and review a so-called "Contract for Carriage" ("COC")[1] or seek advice of counsel about their right to a jury trial and to bring a class action. This "gotcha" scheme

---

[1] This is extrinsic evidence that Frontier wants the Court to consider instead of Plaintiffs' allegations.

targeted Frontier's own consumers (Plaintiffs) who were trying to save money by limiting their luggage to a single Personal Item, then trapping them at the departure gate, placing them under duress and threatening to have Frontier's planes leave without them unless they surrender a willy-nilly $99.00 fee to expand Frontier's profit margins by as much as 600%.

2.  Aside from Frontier's bootstrapped and shoehorned defenses needlessly overcomplicating the issues, this case is very simple and will call on common sense evidence—not industry jargon and specialized knowledge. The question is simple: What would a reasonable consumer understand the "price" or "service" terms to include as they relate to a Personal Item not larger than 14"x18"x8"? To answer this question, consider the following hypotheticals[2]:

>   (a)   A consumer admiring a pair of sneakers is told that their price is $100.00. They accept the offer and pays by credit card. Only after leaving the sneaker store, do they realize that no laces have been provided. When they return to the store for the laces, the sneaker store seeks to charge an additional $100.00 for the laces.
>
>   (b)   A client walks into a barbershop for and is told that a haircut is $25.00. *After* his hair is washed and cut, the barber presents him a bill for $50.00, on the basis that the hair wash was not included in the $25.00 price.

It is not a complicated issue—the problem is glaring—common sense will address the issues. This "reasonable consumer" will be a reoccurring theme throughout litigation, and Plaintiffs are confident a reasonable consumer understands.

3.  Plaintiffs' claims do not find any material issue with Frontier's price, routes, or services. Carry-on bags are not unique to the airline industry—imagine a world where

---

[2] *See* Cox v. Spirit Airlines, Inc., 2023 WL 1994201, *7 (E.D.N.Y. Feb. 14, 2023) (Slip Op.).

Uber begins to charge a "service" fee for passengers that "carry-on" their purses. Frontier cannot claim this service as unique to air carriers. The only thing unique about it, is the racket that Frontier created for a self-service. Frontier has not proffered any evidence showing that the government regulates its Personal Item bag sizer, or the $99.00 carry-on fees at the gate. (Doc. 16, at 2-3). Frontier merely cites the FAA generally (and in its entirety, *et seq.*). (Doc. 16, at 3). Frontier's grandiose preemption and 12(b)(6) arguments arrive before this Court without any merit.

4. Plaintiffs oppose Defendant's Motion (Doc. 16) and it should be denied in its entirety. Frontier misled Plaintiffs, as its passengers, and its Motion now seeks to mislead the Court. The merits of the Frontier's Motion (Doc. 16) are mischaracterized and false. Frontier said one thing and did another, as alleged in the FAC. The motion itself ignores Plaintiffs' pleadings and erroneously asks the Court to look elsewhere.

5. The issue here is Frontier's deliberate, intentional, and blatantly outrageous actions to maximize profits and take advantage of its own customers, the Plaintiffs in this case, by tricking them into thinking their Personal Items would not be subsequently and additionally charged. As discussed more fully below, Defendant's Motion to Dismiss (Doc. 16) should be denied because Frontier fails to show how Plaintiffs have not met their pleading standard.

6. Plaintiffs separately file contemporaneously herewith a Memorandum of Law in Support of this Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss Plaintiffs' FAC and to Strike Plaintiffs' Class Allegations and Jury Demand.

DATED: 12/14/2023                    Respectfully submitted,

                                     */s/ Mike Mann*
                                     **MIKE MANN, ESQ.**

        Fla. Bar No. 1020249
        The Cochran Firm Orlando, LLC
        605 East Robinson Street, Suite 330
        Orlando, FL 32801
        Telephone (407) 271-8590
        Facsimile (407) 271-8059
        MMann@cochranfirmorlando.com
        Service@cochranfirmorlando.com
        ***Attorney for Plaintiffs.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of this Court via this Court's CM/ECF e-filing portal and to the following parties or counsel of record, on this 14th Day of December 2023:

**HOLLAND & KNIGHT**
SUZANNE E. GILBERT, ESQ.
KRISTIN ROYAL, ESQ.
200 South Orange Avenue, Suite 2600
Orlando, FL 32801
Telephone (407) 425-8500
Facsimile (407) 244-5288
Suzanne.Gilbert@hklaw.com
Kristin.Royal@hklaw.com
*Attorneys for Defendant.*

        */s/ Mike Mann*
        MIKE MANN, ESQ.