UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMIRA HAMAD, et al.,

v.  CASE NO.: 6:23-cv-01209-WWB-LHP

FRONTIER AIRLINES, INC.,

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs, by and through their undersigned counsel, hereby submit this Plaintiffs' Response in Opposition to Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss (Doc. 17), and herewith submits this Memorandum of Law in Support of Plaintiffs' Response; and responds as follows:

**MEMORANDUM OF LAW**

**I.     INTRODUCITON**

Discovery should not be stayed pending resolution of Frontier's Motion to Dismiss (Doc. 16), because the Motion is not entirely dispositive. That is, Frontier does not seek dismissal of all counts in the Plaintiffs' First Amended Complaint ("FAC"). For example, Frontier fails to move to dismiss Count III. Aside from that glaring issue, Frontier's Motion lacks legal grounds for dismissal, and many of its arguments are not based on the pleadings, which makes the arguments premature and highly unlikely for the Motion to be granted. Therefore, Frontier has not shown that good cause exists for granting the instant Motion, and it should therefore be dismissed, and the parties should proceed with discovery.

## II. <u>REVIEW STANDARD</u>

The pendency of a motion to dismiss normally will not justify a unilateral motion to stay discovery pending the Court's resolution of the motion to dismiss. *See Chudasama v. Mazda Motor Corporation*, 123 F. 3d 1353 (11th Cir. 1997). "[U]nusual circumstances may justify a stay of discovery in a particular case upon a showing of prejudice or undue burden." MIDDLE DISTRICT DISCOVERY, at § I.E.4. "[A] stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule." *Jolly v. Hoegh Autoliners Shipping AS*, No. 3:20-cv-1150-MMH-PDB, 2021 WL 1822758, at *1 (M.D. Fla. Apr. 5, 2021). The Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Courts generally deny these motions absent a clear indication the motion to dismiss is entirely dispositive of all claims. *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-cv-36-BJD-JRK, 2020 WL 6287681, at *1 (M.D. Fla. Oct. 27, 2020) (collecting cases). The movant must show the necessity, appropriateness, and reasonableness of the proposed stay. *Jolly*, 2021 WL 1822758, at *1. This is a high standard required to stay discovery pending a ruling on a motion to dismiss. *Alcindor v. DeJoy*, 2022 WL 19636, at *3 (M.D. Fla. Jan. 3, 2022).

## III. <u>ARGUMENT</u>

The first case cited as the legal standard in Frontier's Motion (Doc. 17, at 3) is a case where the motion to stay was unopposed. Plaintiffs here very much oppose a stay of discovery pending a decision on Frontier's Motion to Dismiss for the reasons discussed herein. Furthermore, even where the motion was unopposed, the Court, in *Alcindor*, it was still denied by the Middle District. *Alcindor*, at *2 (holding that "although a preliminary

review suggests that some of Alcindor's claims may be ripe for dismissal, the review does not reveal, at this time, a clear indication that the Court will dismiss the action in its entirety").

### A. *NOT "IMMEDIATE AND CLEAR" ON ALL COUNTS*.

It is not "immediate and clear" that Plaintiffs' claims are preempted by the ADA. There is a presumption against preemption, which means a court's "preliminary peak" would automatically and "immediately" trigger a presumption against preemption and therefore against dismissal. *Cipollone v. Liggett Group*, 505 U.S. 504, 516-18, (1992); and *In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 312 (E.D.N.Y. 2005). Nonetheless, even if some of Plaintiffs' claims are preempted, it is well-settled that contract claims are not "related to" an airlines price, route, or services and routinely survive preemption. *Dolan v. JetBlue Airways Corp.*, 385 F. Supp. 1338, 1344-46 (S.D. Fla. 2019) (unjust enrichment and FDUTPA claims not preempted by ADA; *Xiaoyun Lucy Lu v. AirTran Airways, Inc.*, 631 Fed. Appx. 657, 662 (11th Cir. 2015) (claims not preempted unless related to price, routes, or services in an economical sense); and *Cox v. Spirit Airlines, Inc.*, 341 F.R.D 349 (E.D.N.Y. 2022) (denying summary judgment as "price" term was ambiguous and material fact dispute regarding free carry-on bag). *See also* *Hodges v. Delta Airlines*, 44 F.3d 334, 337, 340 (5th Cir. 1995) (majority and dissent agreeing that "services" that are part of operations and maintenance not preempted).

Furthermore, Frontier's Motion to Dismiss is far from "immediate and clear" regarding why and how Plaintiffs' FAC is insufficiently pleaded on all counts. The issues raised are complex ones, unlike a shotgun pleading. In its Motion to Dismiss, Frontier makes conclusory statements and cites to inapposite case law. More importantly, Frontier's Motion to Dismiss ignores the allegations that Plaintiffs' bags were not

oversized, unilaterally contends that they *were* oversized, and uses that contention to say that Plaintiffs' allegations fail.

Frontier also suggests the independent tort doctrine prevents certain claims but fails to show how Plaintiffs' claims are not independent. Inconspicuously, in a footnote, Frontier argues that the Rule 9(b) standard has not been met in Plaintiffs'' FAC. (Doc. 16, at 24, fn.15). However, Frontier's argument is woefully inadequate. Frontier merely states "for all claims arising from alleged fraud, Plaintiffs have failed to meet the heightened-pleading standard of Rule 9(b)." (Doc. 16, at 24, fn. 15). The argument is inadequate and inaccurate. *See* McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones" (internal quotations omitted)). Frontier also mentions "refunds or vouchers" in another footnote. This too is woefully inadequate (and inaccurate) and should not be considered by the Court.

There are three elements of an unjust enrichment claim under Florida law, none of which depend on whether or not an express contract exists. City of Miami v. Bank of Am. Corp., 800 F.3d 1262, 1287 (11th Cir. 2015). Plaintiffs have alleged all three, and Frontier does not argue otherwise. Instead, it argues that its duplicative of a breach of contract claim, but that argument is erroneous.

The mysterious Contract of Carriage (COC) is not part of the FAC and therefore cannot be "immediately and clearly" apparent to a court in a "preliminary peak" at the motion to dismiss. In any event, Plaintiffs have alleged that the COC was not incorporated, and Frontier failed to provide "conspicuous notice" of the terms. Therefore, Frontier

cannot use the COC against Plaintiffs. Therefore, there is nothing "immediate and clear" about the grounds for Frontier's Motion to Dismiss.

Frontier's Motion to Dismiss is also non-dispositive because it failed to move to dismiss Count III, among others, and the Motion to Dismiss is completely silent to that cause of action. Therefore, even if Frontier were to get everything it asked for in the Motion to Dismiss, the case would nonetheless proceed to discovery on at least Count III of Plaintiffs' FAC.

In sum, a preliminary peek at the Motion to Dismiss does not demonstrate an immediate and clear possibility that the Court will grant the Motion to Dismiss in full.

    **B.**    ***NO PREJUDICE OR UNDUE BURDEN EXISTS***.

Frontier's instant Motion fails to show that prejudice or an undue burden will result if the Court does not impose a stay. "The pendency of the Motion to Dismiss, by itself, does not supply good cause or reasonableness for the requested stay." *Alcindo*, at *2. Frontier has not given a single valid example of any prejudice or undue burden that would result if a stay was not imposed. Frontier merely argues that it would save time and money if they did not have to start discovery until later, but discovery is clearly imminent. Furthermore, any burden of time and money would be equally shared between the parties, and therefore no prejudice results from denying the instant Motion.

    **C.**    ***NOT NECESSARY, APPROPRIATE, AND REASONABLE***.

Frontier fails to show why its proposed stay is necessary, appropriate, and reasonable. *See Jolly*, at *1 (holding that "[s]ignificantly, it is the movant's burden to show the 'necessity, appropriateness, and reasonableness' of a stay" (citations omitted)). Therefore, without showing why the stay is necessary, appropriate, and reasonable, Frontier then fails to meet its burden for the Court to make an exception here.

## IV. CONCLUSION

For the foregoing reason, Frontier's Motion to Stay Discovery Pending Resolution of Motion to Dismiss (Doc. 17) should be denied, because it has not failed to show that unusual circumstances justify the requested stay exception. Plaintiffs' respectfully request that this Court enter a case management order allowing the parties to proceed with discovery as proposed in the parties' joint Case Management Report (Doc. 25).

DATED: 12/14/2023

Respectfully submitted,

*/s/ Mike Mann*
**MIKE MANN, ESQ.**
Fla. Bar No. 1020249
The Cochran Firm Orlando, LLC
605 East Robinson Street, Suite 330
Orlando, FL 32801
Telephone (407) 271-8590
Facsimile (407) 271-8059
MMann@cochranfirmorlando.com
Service@cochranfirmorlando.com
***Attorney for Plaintiffs.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of this Court via this Court's CM/ECF e-filing portal and to the following parties or counsel of record, on this 14th Day of December 2023:

**HOLLAND & KNIGHT**
SUZANNE E. GILBERT, ESQ.
KRISTIN ROYAL, ESQ.
200 South Orange Avenue, Suite 2600
Orlando, FL 32801
Telephone (407) 425-8500
Facsimile (407) 244-5288
Suzanne.Gilbert@hklaw.com
Kristin.Royal@hklaw.com
*Attorneys for Defendant.*

*/s/ Mike Mann*
MIKE MANN, ESQ.
