UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMIRA HAMAD, et al.,

v.                                            CASE NO.: 6:23-cv-01209-WWB-LHP

FRONTIER AIRLINES, INC.,

_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PLAINTIFF HARRINGTON'S CLAIMS TO ARBITRATION AND TO STRIKE HARRINGTON AS A CLASS REPRESENTATIVE**

Plaintiff Taylor Harrington ("Plaintiff" or "Harrington"), by and through their undersigned counsel, hereby respond in opposition to Defendant's Motion to Compel Arbitration Plaintiffs' First Amended Class Action Complaint ("FAC"), and Motion to Strike Plaintiff as a Class Representative (Doc. 15), and incorporate herewith Plaintiffs' Memorandum of Law in Opposition, and so further state as follows:

**MEMORANDUM OF LAW**

**I.      INTRODUCTION**

Harrington's claims are not subject to a purported arbitration agreement for claims against Frontier alleged in the FAC. Likewise, Harrington never waived their right to bring class action claims against Frontier. Frontier's Motion is premature, and inadequate to compel arbitration and to strike Harrington as a class representative. The Court should deny Frontier's Motion as premature and inadequate. A factual dispute exists as to whether the preferred arbitration agreement is even valid and enforceable by Frontier against Harrington. Nonetheless, the claims in the FAC do not fall within the scope of the purported arbitration agreement that Frontier now proffers to support its Motion.

**II.      LEGAL STANDARD**

To determine whether parties should be compelled to arbitrate a dispute on motion to compel arbitration, courts consider: (1) whether an enforceable written agreement to arbitrate exists; (2) whether the issues are arbitrable; and (3) whether the party seeking arbitration has waived the right to arbitrate. *Getz v. DIRECTV, LLC*, 359 F. Supp. 3d 1222 (S.D. Fla. 2019). Courts have refused to enforce an arbitration agreement in a contract for carriage, under 14 C.F.R. 253.10. *See Rudolph v. United Airlines Holdings, Inc.*, 519 F. Supp. 3d 438, 337 (N.D. Ill. 2021) (preventing United Airlines' from enforcing its arbitration agreement in its contract for carriage, under 14 C.F.R. § 253.10, against Rudolph). Likewise, in *Burgarin v. All Nippon Airways Co.*, the Northern District of California held that while Part 253 "prohibits a carrier from including in its COC a 'choice-of-forum clause' that would preclude suit against the carrier 'in any court of competent jurisdiction,' an arbitration provision appears to fall within this prohibition, as it would preclude suit against the carrier in any court." No 20-cv-03341-BLF, 2021 WL 4974978, at *4 (N.D. Cal. Oct. 26, 2021) (citing 14 C.F.R. § 253.10).

**III.     ARGUMENT**

    **A.     HARRINGTON'S CLAIMS FALL OUTSIDE THE SCOPE OF EXPEDIA'S ARBITRATION PROVISIONS.**

The allegations in the FAC relate to conduct that occurred after, and do not relate to, Harrington's purported agreement with Expedia. Furthermore, Harrington alleges that Frontier committed separate and distinct acts that are not within the purported scope of the arbitration agreement. Harrington's business with Expedia concluded long before Frontier effectuated the fraudulent conduct.

Federal policy in favor of arbitration does not apply with regard to whether a non-signatory operator may be considered a party to the arbitration agreement (*i.e.*, Frontier calls itself a "beneficiary"). *De Gracia v. Royal Caribbean Cruises, Ltd.*, 580 F. Supp. 3d 1217 (S.D. Fla. 2022) (denying motion to compel arbitration). State law controls whether a non-signatory can use an arbitration clause in that agreement to force a signatory to arbitrate a dispute between them. *De Gracia*, 580 F. Supp. 3d 1217. Under Florida Law, a contractual nexus exists between a claim and a contract, such that an arbitration clause in the contract will be enforceable as to the claim, if the claim presents circumstances in which the resolution of the disputed issues requires either reference to, or construction of, a portion of the contract. *Baptist Hosp. of Miami, Inc. v. Medica Healthcare Plans, Inc.*, 376 F. Supp. 3d 1298 (S.D. Fla. 2019) (denying motion to compel arbitration).

For example, in *Calderon v. Sixt Rent a Car, LLC*, a customer's class action claims against a car rental agency for breach of contract and violation of two states' consumer protection laws, based on its charge for damages to rental cars that allegedly had not occurred, fell outside the scope of an arbitration provision that the customer had entered into with an online travel booking company to reserve the vehicle, and thus, the arbitration provision in the contract with the online booker did not apply to the rental car company, because the alleged misconduct was wholly unrelated to the online booker's reservation services. *Calderon*, 5 F.4th 1204, 1205-06 (11th Cir. 2021) (interpreting the phrase "any services or products provided" to refer only to those provided by the online booker).[1] The *Calderon* court reasoned that its find was the only way to avoid "extreme and unlikely implication that a staggering range of lawsuits that did not concern online booker would

---

[1] Note that Frontier does not cite to an Eleventh Circuit case addressing the operative language in this case.

be subject to its mandatory claim-processing and arbitration rules." *Calderon*, at 1210. In pertinent part:

> A customer making an airline […] reservation on Orbitz.com agrees to a contract that includes an arbitration provision. That provision requires the customer to arbitrate disputes related to, among other things, "any services or products provide." In this case, we must decide whether that phrase refers to services and products provided (1) by Orbitz or (2) by anyone. Reading the "any services or products provided" clause in the light of neighboring provisions and the larger contractual context—and applying a dose of common sense—we conclude that it refers only to services and products provided by Orbitz. Because the underlying dispute in our case doesn't relate to services or products provided by Orbitz, but only to those provided by Sixt Rent A Car, a company that does business with Orbitz, we will affirm the district court's denial of Sixt's motion to compel arbitration.

*Calderon*, at 1206-07. The arbitration provision in *Calderon* said that:

> Any and all Claims will be resolved by binding arbitration, rather than in court […]. This includes any Claims you assert against us, our subsidiaries, travel suppliers or any companies offering products or services through us, including Suppliers, (which are the **beneficiaries** of this arbitration agreement).

*Calderon*, at 1207 (emphasis added). The Eleventh Circuit noted that, the plaintiff "didn't sue Orbitz, nor did he complain of any wrongdoing by Orbitz or allege any violation of Orbitz's Terms of Use by anyone. His complaint mentioned Orbitz just once, in passing." *Calderon*, at 1208. The district court initially ruled that the lawsuit "fell outside of the scope of the arbitration provision because the suit concerned Sixt's practices, not Orbitz's." *Calderon*, at 1208. It further determined, alternatively, that "Sixt had no authority to enforce the arbitration provision because it wasn't a third-party beneficiary of Orbitz's Terms of Use and didn't meet the conditions for equitable estoppel." *Calderon*, at 1208. Sixt appealed the district court's ruling, and the Eleventh Circuit addressed the language,

but ultimately affirmed the decision. "Although its meaning is not perfectly pellucid or free from all doubt, we conclude that the phrase 'any services or products provided' refers to services or products provided by Orbitz, not services or products by anyone." *Calderon*, at 1209. The rental car company's service did not fall "within the category of arbitrable 'Claims.'" *Calderon*, at 1209.

The instant case is almost identical to *Calderon*. The key players are all in identical positions, and the operative language is all materially the same. Moreover, Orbitz and Expedia provide the same services. Replace the online booker with Expedia, and the car rental agency with Frontier, and you have the exact same fact patter, which requires the same decision. Even the language in the instant case is the same. (*See* Doc. 15, at 7 ("any services or products provided")).

Harrington's claims do not arise out of the Expedia contract or the purported arbitration provision. Additionally, Expedia's Terms clearly specify to whom the arbitration agreement and class waiver apply **only** "to all claims brought against **Expedia** in the United States." (Doc. 15, at 3). The remainder of the operative language is otherwise virtually identical to the language in *Calderon*. 5 F.4th at 1208 (the analysis focused on the phrase "any services or products provided"); *cf.* Doc. 15, at 3 (Frontier identifying provision which defined "Claims" as "any services or products provided").

Harrington's allegations also do not involve any claims that Frontier "made through" Orbitz. (Doc. 14-4, at 24). The terms "'we,' 'us,' or 'our' refer to Expedia, Inc., a Washington corporation, […] which provided our Service." (Doc. 14-4, at 4). Expedia defined "our Service" to mean "the provision of our websites, apps and online tools." (Doc. 14-4, at 4). Expedia's agreement also specifically carves Harrington's allegations out of

the contract, stating that "[y]our contract for the flight is between you and the relevant Travel Provider." (Doc. 14-4, at 13). In other words, Harrington and Frontier's contract for the subject flight is not part of this agreement. It also states that "any reference about [luggage] and related charges shown through our Service is for information only and may be updated by airlines at any time." (Doc. 14-4, at 29). Expedia also makes clear that it is not liable for "any such Travel Services that the Travel Providers make available to you [or] for the act, errors, omissions, representations, warranties or negligence of any such Travel Providers, or for any personal injuries, death, property damages or other damages or expenses resulting from the above." (Doc. 14-4, at 18). This clearly means that Harrington's claims fall outside the purported arbitration agreement, since the terms it uses elsewhere give meaning to the ones in the arbitration provision. *See*, *City of Homestead v. Johnson*, 760 So. 2d 80, 84 (Fla. 2000). "The Travel Providers are responsible for ensuring that such information is accurate, complete and up to date." (Doc. 14-4, at 18).

Considering the terms throughout Expedia's contract either refer *specifically* to Expedia and its subsidiaries and partners or refer *exclusively* to Expedia and its subsidiaries and partners, "it would be odd" if the purported arbitration agreement "referred to a massive and seemingly boundless set of activity […] encompassing services or products provided by anyone." *Calderon*, at 1209. Thus it would be natural to read the arbitration provision to another sphere of Expedia's own "services or products."

The term "Claims" does not refer to "services or products provided" by Frontier. If that were the case, then it would defeat the purpose of the other terms in the Expedia contract. If Frontier's argument were accepted (it should not be) then Harrington himself

would have been obligated to route *this lawsuit* through Expedia's legal department, even though Expedia explicitly state it is not liable for Frontier's conduct and has no discernible interest in this lawsuit and no authority to resolve it. (Doc. 14-4, at 25). Telling, however, Frontier has not asked the court to enforce *that* part of Frontier's bizarre arbitration theory.

In sum, Harrington resorts to common sense. *See*, *e.g.*, *Calderon*, at 1210. The purported arbitration provision states, that "[t]his Arbitration Agreement shall be binding upon, and shall include any claims brought **by or against**, any third parties […]." (Doc. 14-24). If Frontier's construction of the language were used here, then a staggering. Range of lawsuits would be brought against Expedia, and Expedia would be responsible for the mandatory pre-arbitration dispute resolution for claims that do not otherwise involve Orbitz. (Doc. 14-4, at 25). Furthermore, if Frontier's definition is right (it's not), then every Expedia customer who signed the Terms of Use would have agreed to arbitrate every dispute it ever had with *any* "Travel Provider" or *any* "companies offering products or services through" Expedia, regardless of whether the customer booked with that entity through Expedia. (Doc. 14-4, at 24). This cannot be the case.

Harrington's allegations state claims against Frontier that relate to terms of its own contract and violation of tort law. The FAC does not name Expedia as a defendant, identify any wrongdoing by Expedia, or allege any violation of Expedia's Terms of Use by anyone. In fact, it never mentions Expedia at all. The relationship between Harrington's allegations against Frontier, and Expedia's Terms of Use is even more attenuated than the relationship between the FAC and the related contract in *Seaboard Coast Line R.R. Co. v. Trailer Train*, in which the Eleventh Circuit held that the lawsuit did *not* arise out of that contract. 690 F.2d 1343 (11th Cir. 1982).

Therefore, Frontier's Motion to Compel should be denied because Harrington's claims fall outside the arbitration provision. The instant class action lawsuit does not qualify as a "Claim" under Expedia's Terms of Use and therefore is not subject to the provision's arbitration mandate.

### B.   CLASS ACTION AND JURY TRIAL WAIVER NOT ENFORCEABLE.

Since the instant lawsuit does not qualify as a "Claim," Frontier also cannot enforce the class action waiver of Expedia's Terms of Use either. (Doc. 14-4, at 25). Expedia's class action waiver states, "You and we agree any and all proceedings to resolve **Claims** will be conducted only on an individual basis and not in a class, consolidated, or representative action, including without limitation as a private attorney general. […] You and we further acknowledge that you are each waiving your right to a jury trial." (Doc. 14-4, 25). Since Harrington's allegations do not fall within the definition of the term "Claims" in Expedia's Terms of Use, Harrington has not waived the right to bring a class action or demand a jury trial. Therefore, Frontier's Motion to Strike Harrington as a class representative should be dismissed for the same reasons stated above regarding the arbitration provision.

### IV.   CONCLUSION

For the foregoing reasons, Frontier's Motion to Compel Plaintiff Harrington to Arbitration and to Strike Plaintiff Harrington as Class Representative should be denied in its entirety.

DATED: 12/14/2023                                                Respectfully submitted,

                                                                                             */s/ Mike Mann*
                                                                                            **MIKE MANN, ESQ.**
                                                                                            Fla. Bar No. 1020249
                                                                                            The Cochran Firm Orlando, LLC

605 East Robinson Street, Suite 330
Orlando, FL 32801
Telephone (407) 271-8590
Facsimile (407) 271-8059
MMann@cochranfirmorlando.com
Service@cochranfirmorlando.com
***Attorney for Plaintiffs.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of this Court via this Court's CM/ECF e-filing portal and to the following parties or counsel of record, on this 14th Day of December 2023:

**HOLLAND & KNIGHT**
SUZANNE E. GILBERT, ESQ.
KRISTIN ROYAL, ESQ.
200 South Orange Avenue, Suite 2600
Orlando, FL 32801
Telephone (407) 425-8500
Facsimile (407) 244-5288
Suzanne.Gilbert@hklaw.com
Kristin.Royal@hklaw.com
*Attorneys for Defendant.*

                                               */s/ Mike Mann*
                                               MIKE MANN, ESQ.