**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AMIRA HAMAD, TAYLOR HARRINGTON, ADRIENNE KRAFT, JOLENE YEADO, SHARON PINE, TESS GAYNOR, CAMILLE CRAWFORD, JOANNE HINRICHS, MASON SPRAGUE, BEATA URBANOWICZ, STEFANI GIMENEZ, individually and on behalf of similarly situated others,**

**Plaintiffs,**
v.                                                                          CASE NO.: 6:23-cv-01209

**FRONTIER AIRLINES, INC., a Colorado Corporation,**

**Defendant.**
_____/

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Frontier Airlines, Inc. ("Frontier"), pursuant to M.D. Fla. L.R. 3.01(d), hereby requests leave to file a 5-page Reply to Plaintiffs' Opposition to Frontier's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Docs. 28, 29). Frontier's request for leave to file a Reply is necessary to: 1) fully and effectively address Plaintiffs' misunderstanding of the scope and applicability of the express preemption clause in the Airline Deregulation Act (the "ADA"), 49 U.S.C. § 41713, which results in dismissal as a matter of law of Plaintiffs' claims; 2) clarify Plaintiff's misapprehension of Frontier's implied preemption argument, which is based on pervasive federal regulation in the airline consumer protection area; and 3) address Plaintiffs' repeated and incorrect suggestion that the Court's consideration of the Contract of Carriage ("COC") at issue in this case is inappropriate at this juncture and Plaintiffs' misapplication of the law

regarding notice and incorporation of the COC's terms. Consequently, there is good cause to grant leave to file a Reply.

Frontier moved to dismiss Plaintiffs' First Amended Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on October 23, 2023 (the "Motion"). (Doc. 16). Plaintiffs filed their Opposition on December 14, 2023 (the "Opposition"). (Docs. 28, 29).

When seeking leave to file a reply in this Court, a party "must show good cause." *McDonald v. United States*, No. 3:13-CV-168-J-37MCR, 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013). Here, there is good cause based on the need to address Plaintiffs' assertion of inapplicable case law, such as *Dolan v. JetBlue Airways Corp.*, 385 F. Supp. 1338, 1344–46 (S.D. Fla. 2019), which demonstrates Plaintiffs' misunderstanding of the scope of the ADA when applied to the present facts. Moreover, Plaintiffs' Opposition includes cherry-picked selections from inapposite personal injury cases like *Barbakow v. USAir, Inc.*, 950 F. Supp. 1145 (S.D. Fla. 1996) and age discrimination cases like *Parise v. Delta Airlines, Inc.*, 141 F. 3d 1463 (11th Cir. 1998), that, without additional context, are not representative of the body of case law regarding the ADA that militate in favor of preemption and dismissal. The purpose of Frontier's Reply is not to rehash the Motion's arguments, but rather to allow Frontier to respond to deficiencies in the Opposition with specific information that will assist the Court in resolving the Motion with regard to this complex area of the law.

Because Frontier's Motion is potentially dispositive, the Court would benefit from complete briefing on these issues before making a ruling. *Easterwood v. Sedgwick Claims Management Servs Inc.*, No. 6:19-cv-700-Orl-78LRH, 2019 WL 12471699, at

2

\*2 (M.D. Fla. Dec. 20, 2019) (granting leave where "the reply will benefit the Court's resolution of the pending motion."). An organized, written brief is the best means for Frontier to efficiently present specific information to rebut Plaintiffs' inaccurate legal arguments.

Finally, allowing Frontier to file a Reply will not overly burden the Court or prolong the proceedings. Frontier respectfully request that this Court allow Frontier to file a Reply (maximum 5 pages) within 21 days[1] of an order granting leave.

Respectfully submitted December 19, 2023.

/s/ Suzanne E. Gilbert
Suzanne E. Gilbert, Esq.
Fla. Bar No. 94048
Kristin N. Royal, Esq.
Fla. Bar No. 0125734
HOLLAND & KNIGHT, LLP
200 South Orange Avenue, Suite 2600
Orlando, FL 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288
suzanne.gilbert@hklaw.com
kristin.royal@hklaw.com
*Counsel for Defendant Frontier Airlines, Inc.*

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that pursuant to Local Rule 3.01(g), Kristin N. Royal, Counsel for Defendant Frontier, conferred with Mike Mann, Counsel for Plaintiffs, by phone on December 19, 2023, and Plaintiffs do not oppose the relief sought in this motion.

/s/ Suzanne E. Gilbert
Attorney

---

[1] Frontier intends to file its Reply as expediently as possible. Notwithstanding, Frontier seeks 21 days to do so out of an abundance of caution, given the uncertainty of scheduling in light of the upcoming holidays.