# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

AMIRA HAMAD, TAYLOR HARRINGTON, SHARON PINE, STEFANI GIMENEZ, MASON SPRAGUE, TESS GAYNOR, ADRIENNE KRAFT, JOANNE HINRICHS, JOLENE YEADO, CAMILLE CRAWFORD and BEATA URBANOWICZ,

        Plaintiffs,

v.                                    Case No:   6:23-cv-1209-WWB-LHP

FRONTIER AIRLINES, INC.,

        Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS (Doc. No. 17)
>
> **FILED:** October 23, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On June 29, 2023, Plaintiff Amira Hamad filed this action on behalf of herself and a putative class, asserting four claims against Defendant Frontier Airlines, Inc. related to the charge of certain baggage fees by Defendant. Doc. No. 1. On September 29, 2023, Plaintiff, along with ten (10) additional Plaintiffs, filed an amended complaint including the following claims on behalf of themselves and a putative class: (1) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* ("FDUTPA"); (2) breach of contract; (3) fraudulent misrepresentation; (4) misleading advertising in violation of Fla. Stat. § 817.41; (5) negligence; (6) negligent misrepresentation; (7) unjust enrichment; (8) breach of express warranty; (9) breach of implied warranty; (10) breach of implied warranty of merchantability; (11) strict liability for misrepresentation; and (12) fraud. Doc. No. 12.

Defendant has filed a motion to dismiss the amended complaint in its entirety, which motion has been referred to the undersigned. Doc. No. 16. Specifically, Defendant argues that (1) Plaintiffs waived any right to bring this action on behalf of a class pursuant to Defendant's Contract of Carriage ("COC"); (2) Plaintiffs' claims are expressly preempted by the Airline Deregulation Act ("ADA"); (3) Plaintiffs' claims are impliedly preempted by the Federal Aviation Act ("FAA"); (4) Plaintiffs fail to state any viable claim; and (5) Plaintiffs Harrington's and Pine's claims are time barred. *Id.* Plaintiffs filed their response in opposition

on December 28, 2023, and Defendant's reply is due on or before January 11, 2024. Doc. No. 38; *see also* Doc. No. 37. Defendant has also separately filed a Motion to Compel Plaintiff Taylor Harrington's Claims to Arbitration and to Strike Harrington as a Class Representative, Doc. No. 15, which motion remains pending.

The same day Defendant filed the motion to dismiss, Defendant also filed the above-styled motion, asking the Court to stay discovery until its motion to dismiss is resolved. Doc. No. 17. In support, Defendant contends that the motion dismiss is clearly meritorious and fully dispositive of this case because all of Plaintiffs' claims are preempted by the ADA, Plaintiffs' claims are inadequately pleaded, and pursuant to the COC, Plaintiffs have waived their right to participate in a class action. *Id.* Defendant also argues that it would "be prejudicial and unduly burdensome for [it] to participate in discovery that is not well-founded under federal law," and that "the discovery process is time-consuming and costly," and a stay will "promote cost-savings and efficiency." *Id.* at 4. Plaintiffs oppose. Doc. No. 30.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). However, motions to stay discovery pending a ruling on a dispositive

motion are generally disfavored.  *See* Middle District Discovery (2021) § (I)(E)(4) ("Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dipositive motion.  Such motions for stay are rarely granted.   However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.").  Indeed, "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)).

The moving party bears the burden of showing good cause to stay discovery. *Id.*; Middle District Discovery (2021) § (I)(E)(4).  In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery.  *Feldman*, 176 F.R.D. at 652.  In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652–53 (quotations omitted).

Upon consideration, Defendant has not shown good cause for a stay of discovery.  Taking a "preliminary peek" at Defendant's motion to dismiss and

Plaintiffs' response, and without expressing any opinion as to final resolution of the motion, the undersigned is not convinced that Defendant's motion is so clearly meritorious such that a stay of discovery is warranted. Indeed, this is not a situation where the allegations of the amended complaint are "especially dubious." *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). *See also Dolan v. JetBlue Airways Corp.*, 385 F. Supp. 3d 1338, 1355 (S.D. Fla. 2019) (granting in part and denying in part motion to dismiss raising several similar arguments in case raising similar claims, and denying as moot motion to stay discovery).

Nor has Defendant carried its burden of demonstrating "unusual circumstances," or specific burden or prejudice by lack of a stay. *See* Middle District Discovery (2021) § (I)(E)(4). Generally referencing that discovery is time-consuming and expensive is insufficient. *See, e.g.*, *Wiand v. ATC Brokers Ltd.*, No. 8:21-cv-01317-MSS-AAS, 2022 WL 1239373, at *2 (M.D. Fla. Apr. 27, 2022) (denying stay of discovery where the defendants did not establish good cause to justify the stay, and there was no finding that the defendants would be prejudiced or burdened by engaging in discovery before the motions to dismiss were resolved).

In sum, the undersigned finds that the harm produced by delay in staying discovery outweighs the possibility that the need for discovery will be entirely eliminated. *See Feldman*, 176 F.R.D. at 652. Accordingly, the motion to stay discovery in toto (Doc. No. 17) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 2, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties