UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AMIRA HAMAD, et al., individually and on behalf of similarly situated others,**

    **Plaintiffs,**
v.                                                                                          CASE NO.: 6:23-cv-01209

**FRONTIER AIRLINES, INC., a Colorado corporation,**

    **Defendant.**
_____/

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant Frontier Airlines, Inc. ("Frontier") replies to Plaintiffs' Opposition to Frontier's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Doc. 38):

**I.     Frontier's Contract of Carriage ("COC") Should Be Enforced At This Stage**

Despite Plaintiffs' inflammatory rhetoric, it's undisputed they were informed numerous times that Frontier's COC governed their travel and additional baggage fees could be applied for oversized Personal Items. As demonstrated by their own pleadings, Plaintiffs clicked a button in their "Order Summary" affirming that they "[agreed] to the terms & conditions in Frontier's Contract of Carriage, Change & Cancellation & Baggage Policies," with hyperlinks to all. (Doc. 12 ¶ 82). Moreover, in their "Purchase Confirmation" emails, the parties confirmed Plaintiffs' agreement to the COC. (Doc. 14-1 at 88). Plaintiffs also were informed that Personal Items "larger than the allowed dimensions are subject to additional charge." *Id.* at 74; *see id*. at 80 ("*Please note*: If your personal item exceeds these measurements, you will be charged a carry-on bag fee at the gate"); *id.* at 89. Their claimed surprise regarding the COC and oversized baggage fees is simply unfounded.

Plaintiffs do not dispute that they entered contracts with Frontier or that they were provided with COC notices; to the contrary, Plaintiffs affirmatively invoke them. (Doc. 12 ¶¶ 82, 402). Further, Plaintiffs do not dispute the authenticity of the COC or the notices during the ticketing process; rather, Plaintiffs simply assert that the "material terms of the parties' contract do not incorporate the mysterious COC." (Doc. 38 at 3). There is no "mystery" here. Under well-established case law, Plaintiffs are bound by the COC, and it is preferable and judicially efficient for the Court to decide this issue at this juncture.

First, where airline passengers like Plaintiffs allege a breach of contract, courts may consider an airline's COC and a passenger's ticketing on a motion to dismiss. *See Hekmat v. U.S. Transp. Sec. Admin.*, 247 F. Supp. 3d 427, 433–34 (S.D.N.Y. 2017); *see also Roman v. Spirit Airlines, Inc.*, 482 F. Supp. 3d 1304, 1312 (S.D. Fla. 2020). Second, courts routinely decide the issue of notice and incorporation of an airline's COC at the Motion to Dismiss stage. *See, e.g.*, *Covino v. Spirit Airlines, Inc.*, 406 F. Supp. 3d 147, 152 (D. Mass. 2019); *Roman*, 482 F. Supp. 3d at 1311.

In contrast, Plaintiffs rely on *Cavalieri v. Avior Airlines C.A.*, No. 17-22010, 2022 WL 19919671 (S.D. Fla. Nov. 14, 2022) to suggest the notice and incorporation inquiry is inappropriate at this stage (Doc. 38 at 3), but their reliance is misplaced. To be clear, *Cavalieri* did **not** address proper incorporation of the COC by plaintiff's ticket; instead, *Cavalieri* considered the question of whether a separate website term was properly incorporated *by the COC*. *Id.* at *2. Similarly, *Cox v. Spirit Airlines, Inc.*, 341 F.R.D. 349 (E.D.N.Y. 2022) involved factual issues not found here as the on-line ticket agents that issued tickets to Plaintiffs gave proper notice. *See Dennis, infra*.

Finally, notice of the COC simply requires reference in the ticket or other writing

2

communicated to the passenger (12 C.F.R. § 253.1); this happened on several occasions. Like *Covino and Roman*, Plaintiffs who booked directly through Frontier were presented with plain language explaining that, by clicking a button, they were agreeing to Frontier's COC. *See* (Doc. 12 ¶ 82). Frontier also included hyperlinks to the full text of its Terms and Conditions and COC located on its website for ease of review, *id.*, and each Plaintiff received an electronic ticket confirmation notifying them that the COC was incorporated by reference. (Doc. 14-1 at 88). Plaintiffs who booked through OTAs also received notice that Frontier's COC was incorporated into their ticket. *See* (Doc.14-2 at 2 ¶¶ 5–7; Doc. 14-3 at 2 ¶¶ 4–7; Doc. 14-4 at 1 ¶ 3; Doc. 14-4 at 5 § 1); *see also Dennis v. Delta Air Lines*, Inc., No. 10-CV-973, 2011 WL 4543487 (E.D.N.Y. Sept 29, 2011); *Capua v. Air Europa Lineas Aereas, S.A., Inc.,* No. 20-CV-61438-RAR, 2021 WL 965500, at *2, *6 n.9 (S.D. Fla. Mar. 15, 2021). Moreover, the COC contains conspicuously labeled and clear text about class action waiver, jury trial waiver, and the time period to bring an action. (Doc. 14-1 at 62 § 21). Plaintiffs do not allege otherwise.

Plaintiffs attempt to distinguish *Covino* because Frontier required clicking the "Purchase and Accept" button instead of "clicking a box." (Doc. 38 at 4). But this is a distinction without a difference. Plaintiffs affirmatively assented by clicking the "Purchase & Accept" button.

Finally, Frontier has made its COC available for public inspection at airports at which it operates since 1994. (Doc. 14-1 ¶ 11). In their Opposition, Plaintiffs claim that Frontier did not provide a copy of the COC at the airport (Doc. 38 at 4); but no such allegation exists in the Amended Complaint. Instead, the full text of Frontier's COC was available at the airport and on its website, which gives customers "immediate and direct

access to the full terms of the COC free of charge." *Covino*, 406 F. Supp. 3d at 153. Frontier's COC was properly incorporated into its contracts with Plaintiffs, and allegations otherwise are no more than unsupported legal conclusions.

## II. Plaintiffs Rely on Inapposite Preemption Cases

Plaintiffs' Opposition misinterprets and misapplies federal preemption case law. *First*, there is no presumption against preemption because the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713, contains an express preemption clause that evidences a clear intent to preempt state law claims relating to airline prices, routes and services. *See Watson v. Air Methods Corp.*, 870 F.3d 812, 817 (8th Cir. 2017) (no presumption against ADA preemption); *Carvajal v. Am. Airlines, Inc.*, No. 10-CV-23269-WMH, 2011 WL 13273367, at *3 (S.D. Fla. Nov. 10, 2011) (same).

*Second,* Plaintiffs' state law baggage fee claims all relate to Frontier's "prices" and "services" as the baggage fee is plainly connected to prices[1] and also Frontier's services as baggage transport is an airline service. (Doc. 16 at 17). Plaintiffs erroneously rely on *Dolan v. JetBlue Airways, Inc.*;[2] *Dolan* is wholly distinguishable as it involved an airline offering the purchase of *third-party* travel insurance to customers – not an airline's enforcement of its baggage policies. *Dolan* found compelling that the sale of trip insurance was not an airline service over which airlines competed. In contrast, airlines *do* heavily compete over baggage fees. (Doc. 16 at 17). Plaintiffs disingenuously claim that *Miller v. Delta Air Lines*, Inc., No. 4:11-cv-10099-JLK, 2012 WL 1155138 at *2 (S.D. Fla. Apr. 5, 2012)–a case involving Delta's reimbursement policy for delayed baggage–is different because Plaintiffs wanted to tell Delta how to

---

[1] The ADA defines "price" broadly as "a rate, fare or charge." 49 U.S.C. § 40102(a)(39).
[2] 385 F. Supp. 3d 1338 (S.D. Fla. 2019).

4

advertise and when. (Doc. 38 at 12). But, in fact, Plaintiffs are doing the same here, demanding more detailed, advanced notice of the charges for oversized Personal Items, which Frontier could determine at its discretion were oversized.

*Third*, none of the "no-ADA preemption" cases cited by Plaintiffs (Doc. 38, at 7-8 n.6) involves a baggage-related claim by the airline. Rather, they involve, *inter alia*, claims relating to discrimination, personal injury, and wage ordinances – none of which are alleged here. *Id.*

w*Fourth*, Plaintiffs improperly conflate express and implied preemption. Frontier's arguments regarding implied preemption are based on the pervasive role DOT plays regarding airline baggage notices and fees. Because DOT regulates this area and is the sole overseer of consumer protection claims against airlines, Plaintiffs' claims are also impliedly preempted, and should be addressed by DOT. *See* (Doc. 16 at 21); *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 288 (2014) (affirming DOT's authority); *Bailey v. Rocky Mountain Holdings, LLC,* 889 F. 3d 1259, 1268-69 (11th Cir. 2018).

Defendant respectfully requests that this Court dismiss the First Amended Class Action Complaint, and grant such other relief that this Court deems just and proper.

| | |
|---|---|
| DATED:  January 11, 2024 | /s/ Suzanne E. Gilbert<br>Suzanne E. Gilbert, Esq.<br>Fla. Bar No. 94048<br>Kristin N. Royal, Esq.<br>Fla. Bar No. 0125734<br>HOLLAND & KNIGHT, LLP<br>200 South Orange Avenue, Suite 2600<br>Orlando, FL 32801<br>Telephone: (407) 425-8500<br>Facsimile: (407) 244-5288<br>suzanne.gilbert@hklaw.com<br>kristin.royal@hklaw.com<br><br>*Counsel for Defendant Frontier Airlines, Inc.* |