# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

AMIRA HAMAD, TAYLOR
HARRINGTON, SHARON PINE,
STEFANI GIMENEZ, MASON
SPRAGUE, TESS GAYNOR,
ADRIENNE KRAFT, JOANNE
HINRICHS, JOLENE YEADO,
CAMILLE CRAWFORD and BEATA
URBANOWICZ,

                Plaintiffs,

v.                                                            Case No:   6:23-cv-1209-WWB-LHP

FRONTIER AIRLINES, INC.,

                Defendant

_____

## ORDER TO SHOW CAUSE

This cause comes before the Court *sua sponte*.  An issue is presented as to whether the Court lacks subject matter jurisdiction in this case.  *See* 28 U.S.C. § 1332(d); *see also Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts 'are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'" (quoting *Galindo–Del Valle v. Att'y Gen.*, 213 F.3d 594, 599 (11th Cir. 2000))).

On June 29, 2023, Plaintiff Amira Hamad initiated this case by filing a class action complaint on behalf of herself and others similarly situated, alleging claims against Defendant Frontier Airlines, Inc. for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), breach of contract, fraudulent misrepresentation, and misleading advertising.   Doc. No. 1.   On September 29, 2023, Hamad filed an amended complaint, which adds ten (10) additional named Plaintiffs (Taylor Harrington, Sharon Pine, Stefani Gimenez, Mason Sprague, Tess Gaynor, Adrienne Kraft, JoAnne Hinrichs, Jolene Yeado, Camille Crawford, and Beata Urbanowicz), and eight (8) additional claims, to include negligence, negligent misrepresentation, unjust enrichment, breach of express warranty, breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, strict liability for misrepresentation, and fraud.   Doc. No. 12.

In the amended complaint, Plaintiffs assert that the Court may exercise subject matter jurisdiction in this case based on minimal diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).   *Id.* ¶ 13. "Under CAFA, federal courts . . . have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)."   *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).   The allegations of the amended

complaint are insufficient to establish that there is minimal diversity, however. *See* Doc. No. 12 ¶¶ 1–12.[1]

For diversity jurisdiction purposes, an individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). A corporation, on the other hand, is a citizen of the state in which it is incorporated and the state in which the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1).

The amended complaint alleges only that each of the named Plaintiffs "is a citizen of the United States" and each Plaintiffs' state of residence. *See* Doc. No. 12. ¶¶ 1–11 (alleging each Plaintiff resides in Florida, Colorado, Wisconsin, Illinois, or Texas). But an allegation as to where an individual lives or resides is, in and of itself, insufficient to establish an individual's citizenship for purposes of diversity jurisdiction. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); *Kerney v. Fort Griffin Fandangle Ass'n., Inc.*, 624 F.2d 717, 719 (5th Cir. 1980) ("An allegation of residence is insufficient to establish

---

[1] Given the allegations of the amended complaint, the Court accepts for purposes of this Order that the remaining CAFA requirements are adequately alleged. *See* Doc. No. 12 ¶ 13 (alleging that the amount in controversy exceeds $5 million and that there are more than 100 class members). However, the Court may revisit these issues going forward if appropriate.

diversity jurisdiction.").[2]   And as it relates to Defendant, Plaintiffs allege only that Defendant is a "Colorado-based airline" with its principal place of business in Colorado.   Doc. No. 12 ¶ 12.   The amended complaint does not allege Defendant's place of incorporation, which is required to determine Defendant's citizenship.   28 U.S.C. § 1332(c).

"In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction." *Moreno v. Breitburn Fla., LLC,* No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011) (citation omitted).   Accordingly, it is **ORDERED** that on or before **February 1, 2024**, Plaintiffs shall show cause in writing why the case should not be dismissed for lack of subject matter jurisdiction.   The response must be supported by evidence, which should be in the form of an affidavit or declaration under penalty of perjury.   *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2011) (allowing defective allegations regarding citizenship to be cured through record evidence).   The response shall provide (1) the identity and citizenship of at least one Plaintiff class member whose citizenship is diverse from that of Defendant; and (2) the state in which Defendant is incorporated.

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Alternatively, by this same deadline, Plaintiffs may file a second amended complaint that addresses the issues identified in this Order and adequately alleges the Court's subject matter jurisdiction in this case.

**DONE** and **ORDERED** in Orlando, Florida on January 18, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties