**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AMIRA HAMAD, TAYLOR HARRINGTON, ADRIENNE KRAFT, JOLENE YEADO, SHARON PINE, TESS GAYNOR, CAMILLE CRAWFORD, JOANNE HINRICHS, MASON SPRAGUE, BEATA URBANOWICZ, STEFANI GIMENEZ, on behalf of her Minor Child J.P.G., individually and on behalf of similarly situated others,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC.,
 a Colorado Corporation,

    Defendant.

_____/

Case No.: 6:23-CV-01209-WWB-LHP

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TAYLOR HARRINGTON'S CLAIMS TO ARBITRATION AND TO STRIKE HARRINGTON AS A CLASS REPRESENTATIVE WITH INCORPORATED MEMORANDUM OF LAW**

Defendant Frontier Airlines, Inc. ("Frontier"), by and through its undersigned counsel, and pursuant to the Court's Order dated February 7, 2024 (Doc. 44), hereby files its Reply in support of its Motion to Compel Plaintiff Taylor Harrington's Claims to Arbitration and to Strike Harrington as a Class Representative (the "Motion") (Doc. 15).

Despite Plaintiff Harrington's contention to the contrary, this matter is not "on all fours" with *Calderon v. Sixt Rent a Car*, LLC, 5 F.4th 1204 (11th Cir. 2021), and *Calderon* does not support denial of Frontier's Motion. While provisions of the arbitration agreement at issue in *Calderon* were ambiguous, the provisions of the arbitration agreement at issue here are not. As a result, if the Court does not dismiss his claims for the reasons stated

in Frontier's Motion to Dismiss (Doc. 16), Plaintiff Harrington must be compelled to arbitrate his claims against Frontier.

In *Calderon*, plaintiff used Orbitz.com ("Orbitz") to book a rental car from Sixt Rent A Car ("Sixt"). *Calderon*, 5 F. 4th at 1207.  In so doing, plaintiff agreed to Orbitz's Terms of Use (the "Orbitz Terms"), which included a provision mandating arbitration for certain disputes (the "Orbitz Arbitration Provision"). *Id.* The Orbitz Arbitration Provision provided as follows:

> Any and all Claims will be resolved by binding arbitration, rather than in court . . . This includes any Claims you assert against us, our subsidiaries, travel suppliers or any companies offering products or services through us, including Suppliers (which are the beneficiaries of this arbitration agreement).

*Id.*

The *Calderon* plaintiff later brought a putative class action against Sixt arising from damages fees imposed by Sixt related to the rental he booked through Orbitz. *Id.* at 1208. Invoking Orbitz's Arbitration Provision as a third-party beneficiary, Sixt moved to compel arbitration of plaintiff's lawsuit. *Id.* The district court denied Sixt's motion, finding that plaintiff's lawsuit fell outside of the scope of Orbitz's Arbitration Provision because it related to Sixt's conduct rather than Orbitz's, and that, alternatively, Sixt was not a third-party beneficiary of Orbitz's Terms and didn't meet the standard for equitable estoppel. *Id.* Sixt appealed to the Eleventh Circuit. *Id.*

Noting that the other preconditions for enforcing the Orbitz Arbitration Provision were "clearly satisfied" (finding that "Sixt, as a company providing rental-car services through Orbitz, is either (or both) a 'travel supplier' or a 'company offering products or services through' Orbitz), the court turned its focused to whether plaintiff's lawsuit fell

under the definition of "Claims" so as to be included by the Orbitz Arbitration Provision. *Id.*

Importantly, the Orbitz Terms defined "Claims" as:

[A]ny disputes or claims relating in any way to [1] the Services; [2] any dealings with our customer service agents, [3] any services or products provided, [4] any representations made by us, or [5] our Privacy Policy.

*Id.* at 1207. As "Services" in Item [1] were defined as services provided by Orbitz, Sixt argued that plaintiff's lawsuit fit within Item [3], "any services or products provided." *Id.* at 1209. Accordingly, the court was required to address the ambiguity found within the definition—namely, whether Item [3] meant any services or products provided *by Orbitz*, or any services or products provided *by anyone*. *Id.*

The facts here are clearly distinguishable from those in *Calderon*, notwithstanding some non-dispositive similarities in the circumstances of each. For instance, as in *Calderon*, Plaintiff Harrington also used an online ticket agent (here, Expedia) to book his travel. In so doing, Harrington agreed to be bound by Expedia's Terms of Use ("Expedia's Terms").[1] And, like Orbitz's Terms, Expedia's Terms also contain a provision mandating arbitration for certain disputes ("Expedia's Arbitration Provision"). *See* (Doc. 14-4 at 23–24 § 14). Moreover, Expedia's Terms and Arbitration Provision also contemplate enforcement by third-party beneficiaries—"Travel Providers"—a requirement that, like in *Calderon*, Frontier "clearly satisf[ies]."  That, however, is where the similarities with *Calderon* end.

---

[1] In his Opposition to the Motion, Plaintiff Harrington does not dispute that he agreed to be bound by Expedia's Terms. *See generally* (Doc. 31).

3

More specifically, and unlike Orbitz's Arbitration Provision, the definition of arbitrable claims in Expedia's Arbitration Provision <u>*explicitly includes*</u> claims related to services provided by Expedia's Travel Providers. Indeed, Expedia's Arbitration Provision provides:

> You and we mutually agree that any disputes between us arising out of or relating in any way to our Service, these Terms, our Privacy Statement, ***any services or products provided by us or any of our*** subsidiaries, ***Travel Providers,*** or companies offering products or services through us, any dealings with our Traveler Support agents, or any representations made by us ("Claims"), will be resolved by binding arbitration, rather than in court except those resolved in small claims court.  **This includes any Claims you assert against** us, our subsidiaries, **Travel Providers,** or any companies offering products or services through us (which are beneficiaries of this Arbitration Agreement).

(Doc. 14-4 at 24 § 14) (emphasis added)*.*

Importantly, in *Calderon*, the Court began from the following premise: "Under Florida law, the meaning of an arbitration provision is a matter of contractual interpretation and thus turns on the intent of the parties to the contract *as manifested in the plain language* of the arbitration provision and contract itself." 5 F.4th at 1208 (emphasis added) (citations omitted). In this case, the plain language of Expedia's Arbitration Provision explicitly includes claims brought against "Travel Providers." *See* (Doc. 14-4 at 24 § 14) ( "services or products provided by any of our . . . Travel Providers"). Indeed, other courts have reached the same conclusion. *See* Motion at 7–8 (citing *Ward v. Am. Airlines, Inc.*, 498 F. Supp. 3d 909, 923–24 (N.D. Tex. 2020) (rejecting plaintiff's argument that arbitrable claims were limited to those between plaintiff and Expedia and finding arbitrable claims included those against the airline); *Capua v. Air Europa Lineas Aereas S.A., Inc.*, Case No. 20-CV-61438, 2021 WL 965500, *6–7 (S.D. Fla. March 15, 2021)

4

(granting airline's motion to compel arbitration as third-party beneficiary of Expedia's Arbitration Provision)).

Accordingly, Plaintiff Harrington's claim is subject to arbitration pursuant to Expedia's Arbitration Provision.

Respectfully submitted this 14th day of February, 2024.

/s/ Suzanne E. Gilbert
Suzanne E. Gilbert, Esq.
Fla. Bar No. 94048
Kristin N. Royal, Esq.
Fla. Bar No. 0125734
HOLLAND & KNIGHT, LLP
200 South Orange Avenue, Suite 2600
Orlando, FL 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288
suzanne.gilbert@hklaw.com
kristin.royal@hklaw.com
*Counsel for Defendant Frontier Airlines, Inc.*
