UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMIRA HAMAD, TAYLOR HARRINGTON, ADRIENNE KRAFT, JOLENE YEADO, SHARON PINE, TESS GAYNOR, CAMILLE CRAWFORD, JOANNE HINRICHS, MASON SPRAGUE, BEATA URBANOWICZ, STEFANI GIMENEZ, on behalf of her Minor Child J.P.G., individually and on behalf of similarly situated others,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC., a Colorado Corporation,

    Defendant.

_____/

Case No.: 6:23-CV-01209-WWB-LHP

## DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 3.01(a), Defendant Frontier Airlines, Inc. ("Frontier"), by and through its undersigned counsel, hereby submits its Objections to the Report and Recommendation of the Magistrate Judge issued on March 19, 2024 (ECF No. 47) (the "Report"), recommending that the Defendant's Motion to Dismiss be granted in part, and denied in part.

## PRELIMINARY STATEMENT

In this action, Plaintiffs brought a putative class action seeking to recover for allegedly "hidden" baggage fees that Frontier charged them at the gate based on Frontier's determination that their carry-on Personal Items exceeded the allowable size limit. Frontier moved to dismiss the class action claims on several grounds, namely (1)

1

that Plaintiffs waived any right to bring a class action pursuant to Frontier's Contract of Carriage (COC); (2) Plaintiffs' claims are expressly preempted by the Airline Deregulation Act (ADA), which bars state law claims that relate to an airline's "price, route or service," 49 U.S.C. 41613; (3) Plaintiffs' claims are impliedly preempted under the Federal Aviation Act as the claims relate to an area that is pervasively regulated by the federal government, including DOT's enforcement authority over consumer protection claims; (4) Plaintiffs fail to state a viable claim under any of the numerous causes of action; and (5) Plaintiffs' Harrington's and Pine's claims are time barred by the COC. (ECF No. 16).

In the Report, the Magistrate Judge agreed that Plaintiffs had waived their right to bring a class action and were bound by Frontier's Contracts of Carriage, which were properly before the court as they were expressly identified in the Amended Complaint and were central to Plaintiffs' claims. Report at 9. The Report found that Plaintiffs' clicking of the "Purchase & Accept" button to complete their purchase constituted an acceptance of the COC's terms and, as a valid clickwrap agreement, bound Plaintiffs to the COC's terms, including the class action waiver clause.[1]  Additionally, the Court enforced the limitation period in the COC against Plaintiffs Harrington and Pine who had untimely filed their claims.

The Report further determined that Plaintiffs' non-contractual state law claims were preempted by the ADA, leaving Plaintiffs with individual breach of contract claims, along with claims for breach of express warranty, breach of implied warranty of fitness for a particular purpose, and breach of the implied warranty of merchantability.  These warranty

---

[1]  Frontier also moved to enforce the jury waiver provision, which the Report denied without prejudice and which Frontier could assert at a later juncture.

2

claims, however, were then found not viable as the baggage charge did not involve a sale of goods and Plaintiffs made no argument otherwise in their opposition brief.

Frontier respectfully submits its specific objections to the Report's preemption findings regarding Plaintiffs' breach of contract and warranty claims and also the Report's finding that Plaintiffs adequately pled a breach of contract claim. Specifically, Frontier contends: (1) that the express and implied breach of warranty claims should have been dismissed as preempted by the ADA; and (2) that the *Wolens* exception should not apply to preserve Plaintiffs' breach of contract claim and, in any event, such contract claim fails as alleged.[2] For these reasons, and as discussed below, the Amended Complaint should be dismissed in its entirety.

## STANDARD OF REVIEW

Fed. R. Civ. P. 72(b)(3) requires the district judge to review Defendants' specific objections to the Report's findings *de novo*, and to "give fresh consideration to th[e]se issues." *Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)).

## ARGUMENT

**I.   Plaintiffs' Breach of Express and Implied Warranty Claims are Preempted by the ADA**

While the Report correctly found that Plaintiffs' breach of warranty claims (express and implied) failed to state a claim (Report at 41-43), Frontier respectfully submits that these claims should have been held as preempted by the ADA in the first instance. The ADA's express preemption clause is broadly construed and prohibits state law claims -

---

[2]   Frontier incorporates by reference the arguments set forth in its Motion to Dismiss (ECF No. 16) and in its Reply in support of its Motion to Dismiss (ECF No. 40).

3

statutory, common law or otherwise - that "relate to" an air carrier's "price, route or service." The Report readily found that Plaintiffs' claims for alleged misleading advertising and unfair baggage charges related to both Frontier's prices and baggage handling services, resulting in preemption of the majority of Plaintiffs' state law claims. Report at 28-30. Additionally, the Report recognized that there is a limited exception to preemption for breach of contract claims, but only where a plaintiff is seeking recovery for the airline's breach of "its own, self-imposed undertaking." As explained in *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995), the court is confined in breach of contract actions to enforcing only "the parties bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *Id.* at 229. This exception for breach of contract claims is "narrow and limited to the terms bargained for by the parties." *Stone v. Continental Airlines, Inc.*, 905 F. Supp. 823, 826 (D. Haw. 1995).

In *Wolens*, the Supreme Court repeatedly emphasized the narrowness of this exception and its limitation to a routine breach of contract claim. *See, e.g.,* 513 U.S. at 229 (plaintiff's "remedy is confined to a contract's terms [that] simply holds parties to their agreements"); *id.* at 232 (ADA permits state-law suits against airlines only where an airline has "dishonored a term the airline itself stipulated"); *id.* at 233 ("the basis for the contract action is the parties' agreement").

To allow these express and implied warranty claims to qualify as a routine breach of contract action is at odds with the *Wolens* exception. Not only are the claims redundant of the breach of contract claim as they rely on the same facts, they also rely on terms not found within the parties' agreement, especially the implied warranty claims. *See Schultz v. United Airlines, Inc.*, 797 F. Supp. 2d 1103, 1106 (W.D. Wash. 2011) (finding *implied*

4

contract claim upon payment of a baggage fee preempted because "[p]laintiff has not sued to enforce the terms of the contract, but has sought to enhance his agreement by seeking refund of the baggage fees based on the external laws of the state"); *Stone,* 905 F. Supp. at 826 (holding breach of *implied* warranty claim "would subvert the purposes of the ADA"); *see also Northwest Airlines, Inc. v. Ginsberg*, 572 U.S. 273, 285-86 (2014) (finding preempted plaintiff's claim for breach of the implied covenant of good faith and fair dealing in an action based on revocation of a customer's frequent flyer membership because the *implied* covenant claim was a "state-imposed obligation" arising outside the terms of the agreement).

Likewise here, in addition to lacking merit, Plaintiffs' breach of express and implied warranties are not dependent on the terms in the COC, which the Report recognized as the operative agreement between the parties. There are no "express warranties," nor can the court look at outside factors to imply any such warranties as the claim must be limited to the terms in the COC. To the extent the Report relies on *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 525 (1992) to support the proposition that an express warranty claim is one self-imposed by the warrantor (Report at 33-34 n.18), Frontier respectfully submits that *Cipollone* is distinguishable, as it was against a manufacturer and did not include a breach of contract claim along with the breach of express warranty claim.

II.   **Plaintiffs' Breach of Contract Claim Does Not Meet The *Wolens* Exception And Also Should Be Dismissed For Failure To State a Claim**

The Report distinguishes several decisions relied on by Frontier in support of its argument that Plaintiffs' breach of contract claim should also be found preempted by the ADA. (Report at 33 n.17). However, these cases do in fact support a finding of preemption here as Plaintiffs' breach of contact claim seeks to impose greater disclosure obligations

5

on Frontier than required by the COC (and thus greater than the obligations stipulated to by Frontier). Frontier's terms are clear, and Plaintiffs do not dispute, that a charge may be imposed for an oversized Personal Item, and, as a carry-on bag, such charges could be higher at check-in and at the airport gate. (ECF No. 14-1 at 52-53 § 13). While Plaintiffs' claim that these fees were hidden, Frontier's COC, website and passenger communications inform passengers about these fees. Additionally, to the extent that Plaintiffs contend their bags fell within the allowable dimensions, the COC gives discretion to the gate agent to make this determination. *Id.* at 53 § 13(A)(3). For Plaintiffs to succeed here, they would be looking outside the terms of the COC to prove their claims and rely on state-law theories—*inter alia*, breach of contract, false advertising, negligence, fraud, and misrepresentation—to bring their hidden fee claims. This is inconsistent with the *Wolens* exception and mandates dismissal of Plaintiffs' contract claims. *See Koutsouradis v. Delta Air Lines, Inc.*, 427 F.3d 1339, 1343-44 (11th Cir. 2005) (affirming preemption of breach of contract claim which was not based on breach of any contract term, but rather on rudeness and disappointment with airline's baggage handling); *Miller v. Delta Air Lines, Inc.*, No. 4:11-cv-100990, 2012 WL 1155138, *3 (S.D. Fla. Apr. 5, 2012) (finding claim did not satisfy *Wolens* exception where plaintiff's claims were "far beyond the obligations stipulated to by Delta in the Contract in Carriage"); *Alatortev v. JetBlue Airways, Inc.,* No. 3:17-04859-WHO, 2018 WL 784434, at *6-7 (N.D. Cal. Feb. 7, 2018) (holding breach of contract claim preempted by ADA because it depended on claims outside the terms of the COC and enlarged the parties' agreement).[3]

---

[3] Because Frontier contends that Plaintiffs' breach of contract and warranty claims improperly enlarge the scope of the agreement and rely on terms and policies outside the

For the same reasons, Plaintiffs fail to state a breach of contract claim as Frontier provided repeated notice to Plaintiffs about the imposition of fees for oversized Personal Items, including at the gate, and the COC expressly stated that that such determination is within Frontier's discretion. (ECF No. 16 at 23 (citing (ECF No.14-1 at 2 ¶ 5); *see also* ECF No. 14-1 at 53 § 13(A)(3)). Frontier respectfully submits that *Cavalieri v. Avior Airlines C.A.*, 25 F.4th 843 (11th Cir. 2022), discussed by the Report, does not support the conclusion that Plaintiffs have stated a breach of contract claim. More specifically, in *Cavalieri*, the plaintiffs disputed an Exit Fee charged as part of the fare. Here, Plaintiffs erroneously claim that Frontier failed "to provide the Plaintiffs with material information concerning the total cost of services" and failed to "provide the Plaintiffs with this aforesaid information" by "[charging] the Plaintiffs' unanticipated and/or hidden fees." First Amended Complaint (ECF No. 12 ¶¶ 404, 405, 410). However, the actual contract in place between Plaintiffs and Frontier—the terms of which are stated in the incorporated COC, website, and notices—refutes such a claim.

Frontier's COC expressly contemplates baggage fees for oversized personal items at the time of boarding, and measuring of bags lies within the sole discretion of the gate agents. Accordingly, the purported misrepresentation and surprise by Frontier that serve as the alleged predicate of Plaintiffs' breach of contract claim are simply unfounded in light of the explicit terms of Frontier's COC.

Respectfully submitted April 2, 2024.

/s/ Suzanne E. Gilbert
Suzanne E. Gilbert, Esq.
Fla. Bar No. 94048

---

parties' agreement, such claims are impliedly preempted as well. ECF No. 16 at 20-22. *Cf.* Report at 37-38.

7

Kristin N. Royal, Esq.
Fla. Bar No. 0125734
HOLLAND & KNIGHT, LLP
200 South Orange Avenue, Suite 2600
Orlando, FL 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288
suzanne.gilbert@hklaw.com
kristin.royal@hklaw.com
*Counsel for Defendant Frontier Airlines, Inc.*

8