**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT COURT OF FLORIDA**
**ORLANDO DIVISION**

AMIRA HAMAD, TAYLOR
HARRINGTON, ADRIENNE KRAFT,
JOLENE YEADO, SHARON PINE,
TESS GAYNOR, CAMILLE CRAWFORD,
JOANNE HINRICHS, MASON
SPRAGU, BEATA URBANOWICZ, and
STEFANI GIMENEZ, on behalf of her
Minor Child J.P.G.,

v.                                                                                    CASE NO.: 6:23-cv-01209-WWB-LHP

FRONTIER AIRLINES, INC.
_____/

**PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATIONS**

Pursuant to Fed. R. Civ. P. 72(b)(2), and Local Rule 3.01(a), Plaintiffs, by and through their undersigned counsel, hereby submit the following, their Objections to the Report and Recommendation (Doc. No. 47) (the "Report"), and respectfully recommends that Defendant FRONTIER AIRLINE, INC.'s ("Defendant") Motion to Dismiss be dismissed in its entirety.

**I.    PLAINTIFFS' OBJECTIONS**

Plaintiffs request that the Motion to Dismiss be denied in its entirely, for the reasons stated in their response in opposition. In addition to the arguments Plaintiffs asserted in their oppositions, Plaintiffs specifically object to the Report and Recommendation as follows:

1.    Plaintiffs object to the finding of fact that a "personal item" is an "optional service" provided by Defendant and is not "added to the total price for the air transportation." (Doc. No. 47, at 7) (quotations omitted).

2. Plaintiffs object to finding that the COC was conspicuous. This finding is premature at this stage.

3. Plaintiffs object to finding that the COC is enforceable. (Doc. No. 47, at 14). This finding is premature at the MTD stage, as argued in Plaintiffs' response in opposition to the Motion to Dismiss. (Doc. No. 38).

4. Plaintiffs object to the finding of fact that the COC is "central to their claims." (Doc. No. 47, at 9, fn.4). Defendants repeatedly advertised the personal items as being free and their dimensions, separately in their purchase process directly in the webpages. The baggage fees were not exclusive to the COC, and the fact that the Plaintiffs' claims revolve around them does not make the COC central to the claims.

5. Plaintiffs object to finding that personal items dimensions relate to Defendant's "price, route or service," as defined by the Airline Deregulation Act (ADA). 49 U.S.C. § 41513.

6. Plaintiffs object to the finding that clicking the "Purchase & Accept" button to complete their purchase constitutes an acceptance of the COC's terms.

7. Plaintiffs object to the finding of law that the question of enforceability of the COC is ripe for review. Whether the COC was conspicuously provided to Plaintiffs must be determined before the substantive application of its terms.

8. Plaintiffs object to the finding that Plaintiffs waived their rights to bring a class action. In addition to the reasoning argued in Plaintiffs' opposition, the fact that the Report does not recommend that the jury waiver applies gives weight. (Doc. No. 47, at 15-19).

Furthermore, the COC should not be enforced here, as stated above and in Plaintiffs' opposition (Doc. No. 38).

9. Plaintiffs object to the finding that Plaintiffs HARRINGTON and PINE untimely filed their claims, because their claims relate back to the original complaint. (Doc. No. 1). (*See* Doc. No. 38, at 20). Plaintiffs further object to the Report's reasoning that "[s]uch a perfunctory argument should be deemed waived." (Doc. No. 47, at 23). Plaintiffs HARRINGTON and PINE's statute should be equitably tolled from the date of the initial complaint (Doc. No. 1). This would not be an "abuse" of the *American Pipe* rule. (*Cf.* Doc. No. 47, at 23-24).

10. Plaintiffs object to finding that Plaintiffs' negligence claims are preempted, because such claims are specifically excluded from preemption.

11. Plaintiffs object to the recommendation that Counts 1, 3, 4-7, 11 and 12 are preempted by the ADA.

DATED: 04/02/2024                                    Respectfully submitted,

*/s/ Michael G. Mann*
MICHAEL G. MANN, ESQ.
Fla. Bar No. 1020249
**THE MANN FIRM, LLC**
707 East Cervantes Street, Suite B
Pensacola, Florida 32501
Telephone: 850-407-8077
Facsimile: 850-262-8590
Mike@themann.law
***Attorney for Plaintiffs and Class.***