# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

AMIRA HAMAD, TAYLOR HARRINGTON, ADRIENNE KRAFT, JOLENE YEADO, SHARON PINE, TESS GAYNOR, CAMILLE CRAWFORD, JOANNE HINRICHS, MASON SPRAGUE, BEATA URBANOWICZ, STEFANI GIMENEZ, on behalf of her Minor Child J.P.G., individually and on behalf of similarly situated others,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC.,
a Colorado Corporation,

    Defendant.
_____/
_____

Case No.: 6:23-CV-01209-WWB-LHP

## RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION ON MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 3.01(a), Defendant Frontier Airlines, Inc. ("Frontier"), by and through its undersigned counsel, hereby submits its Response to Plaintiffs' Objections, dated April 2, 2024 (Doc. 49), to the Report and Recommendation of the Magistrate Judge issued on March 19, 2024 (Doc. 47) (the "Report"), recommending that the Defendant's Motion to Dismiss be granted in part, and denied in part.

## PROCEDURAL HISTORY

On March 19, 2024, the Magistrate Judge issued the comprehensive Report, which recommended granting in part and denying in part Frontier's Motion to Dismiss. On April 2, 2024, Frontier filed limited objections to the Report pertaining only to certain

recommendations regarding preemption holdings. (Doc. 48). Plaintiffs also filed objections to the Report on April 2, 2024, consisting of 11 general objections without any analysis, case law, or specific support (Doc. 49).

## **ARGUMENT**

As a threshold matter, Plaintiffs' Objections should be summarily denied for failure to comply with this Court's Standing Order, dated February 10, 2023, which requires an objection to a report and recommendation of a Magistrate Judge to include "a legal memorandum supporting the objection." Likewise, Plaintiffs' Objections fail to comply with Local Rule 3.01(a), which similarly requires a "legal memorandum supporting [a party's] request." Plaintiffs' blanket objections do not satisfy this requirement, and thus do not warrant this Court's de novo review.

Moreover, even if Plaintiffs' Objections were properly before the Court (which they are not), they are groundless for the reasons stated in the Report. For example, the Magistrate Judge relied on well-established case law to recommend that the District Court find at the motion to dismiss stage that: 1) Frontier's Contract of Carriage ("COC") is central to Plaintiffs' claims and properly before the Court (Report at 9-11 & n.4 (noting that the COC is explicitly addressed in the Complaint, Plaintiffs bring a breach of contract claim based on Frontier's baggage fee policies, which are set forth in the COC, and courts routinely consider substantive application of the terms of a COC at the motion to dismiss stage)); 2) Plaintiffs agreed to be bound by the COC (Report at 11-14 & n.6 (noting that Plaintiffs do not dispute that they clicked "Purchase & Accept" when purchasing Frontier tickets, which constitutes an enforceable modified click-wrap agreement under Florida and Colorado law)); and 3) Frontier's COC is enforceable and

thus Plaintiffs waived their rights to bring a class action against Frontier (Report at 14-16). Plaintiffs' summary objections to these finding (*see* Objection Nos. 2-4, 6-8) provide no legal basis for their reconsideration, outside of what was already argued in Plaintiffs' Response to the Motion to Dismiss and rightly rejected by the Magistrate Judge.

Similarly, Plaintiffs' objections to the Magistrate Judge's recommendations that this Court find certain of Plaintiffs' claims preempted (*see* Objection Nos. 5, 10-11) suffer the same flaws. Relying on principles recognized in the decisions of several circuits (including this one), the Report determined that the majority of Plaintiffs' claims were expressly preempted by the Airline Deregulation Act (ADA), finding that baggage fee claims like Plaintiffs' are found routinely to relate to a carrier's "prices" and "services". Report at 28-29. The Report notably determined that Plaintiffs cited no contrary authority and relied instead on inapposite preemption cases involving personal injuries and non-contract claims. Report at 29 and n.16. Plaintiffs' generalized objections to the Report provide no basis for their further consideration (*see, e.g.*, Objection No. 11 ("Plaintiffs object to the recommendation that Counts 1, 3, 4-7, 11 and 12 are preempted by the ADA.")).

Finally, Plaintiffs' remaining Objection Nos. 1 and 9 should also be rejected out of hand. Specifically, Objection No. 1 refers to a "finding of fact" that does not appear in the Report, and is thus without merit. As to Objection No. 9, because, as set forth in Report, Plaintiffs waived their rights to bring a class action, the doctrine of equitable tolling is inapplicable here.

In sum, because Plaintiffs have failed to properly submit specific objections to the Report supported by case law or legal analysis, their submission does not warrant de novo review by this Court and should be summarily rejected.

The foregoing Response to Plaintiffs' Objections is respectfully submitted this 16th day of April, 2024.

/s/ Suzanne E. Gilbert
Suzanne E. Gilbert, Esq.
Fla. Bar No. 94048
Kristin N. Royal, Esq.
Fla. Bar No. 0125734
HOLLAND & KNIGHT, LLP
200 South Orange Avenue, Suite 2600
Orlando, FL 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288
suzanne.gilbert@hklaw.com
kristin.royal@hklaw.com
*Counsel for Defendant Frontier Airlines, Inc.*
