# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

AMIRA HAMAD, TAYLOR
HARRINGTON, SHARON PINE,
STEFANI GIMENEZ, MASON
SPRAGUE, TESS GAYNOR,
ADRIENNE KRAFT, JOANNE
HINRICHS, JOLENE YEADO, CAMILLE
CRAWFORD and BEATA
URBANOWICZ,

      Plaintiffs,

v.                         Case No.: 6:23-cv-1209-WWB-LHP

FRONTIER AIRLINES, INC.,

      Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Compel Plaintiff Taylor Harrington's Claims to Arbitration and to Strike Harrington as a Class Representative ("**Motion to Compel**," Doc. 15) and Defendant's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint [and] Strike Class Allegations and Jury Demand ("**Motion to Dismiss**," Doc. 16).  United States Magistrate Judge Leslie Hoffman Price issued a Report and Recommendation ("**R&R**," Doc. 47), in which she recommends that the Motion to Dismiss be granted in part and the Motion to Compel be denied as moot. (*Id.* at 47–48).  Magistrate Judge Hoffman Price also recommends that an order to show cause be issued as to subject matter jurisdiction.  (*Id.* at 48).  Defendant filed Objections (Doc. 48), to which Plaintiffs did not respond, and Plaintiffs filed Objections (Doc. 49), to which Defendant filed a Response (Doc. 50).

**I.      BACKGROUND**

No party has objected to the relevant background as fully set forth in the R&R and it is hereby adopted and made a part of this Order accordingly. (Doc. 47 at 2–5).

**II.     LEGAL STANDARD**

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

**III.    DISCUSSION**

Plaintiffs are a group of individuals who traveled on flights offered by Defendant Frontier Airlines, Inc. and allege they were fraudulently charged additional fees at the gate for personal items. In its Motion to Dismiss, Defendant argues that Plaintiffs' claims are preempted by the Airline Deregulation Act ("**ADA**"), 49 U.S.C. § 41713, and Federal Aviation Act ("**FAA**"), 49 U.S.C. § 40101 *et seq.*, class action claims and a jury trial were waived pursuant to Frontier's Contract of Carriage ("**COC**"), and that Plaintiffs have failed

to state a claim. In the R&R, Magistrate Judge Hoffman Price makes the following recommended findings: (1) the COC contains a valid and enforceable class action waiver and Plaintiffs' class action allegations should be dismissed; (2) Defendant failed to establish that Plaintiffs' demand for a jury trial should be stricken under Federal Rule of Civil Procedure 12(f); (3) Plaintiffs Taylor Harrington and Sharon Pine's claims are untimely pursuant to the COC and should be dismissed; (4) Counts 1, 3, 4, 5, 6, 7, 11, and 12 of the First Amended Class Action Complaint (Doc. 12) are expressly preempted by the ADA and should be dismissed; (5) Plaintiffs' breach of contract and breach of warranty claims are not preempted by either the ADA or FAA; (6) Count 2 sufficiently alleges a claim for breach of contract; (7) Counts 8 through 10 fail to allege claims for breach of warranty and should be dismissed; (8) the Motion to Compel, related solely to Harrington's claims, is moot; and (9) because subject matter jurisdiction is not available under the Class Action Fair Act as alleged in the First Amended Class Action Complaint, (Doc. 12, ¶ 13), the Court's jurisdiction over the remaining claims and parties is unclear.

Plaintiffs object to the R&R's first, third, and fourth recommendations, and Defendant objects to the fifth and sixth recommendations. No party has raised an objection to the second, seventh, eighth, and ninth recommendations. Therefore, after an independent de novo review of the record, the Court agrees entirely with the analysis set forth in the R&R regarding those issues.

As an initial matter, Plaintiffs' Objections fail to comply with either the January 13, 2021 Standing Order or the February 10, 2023 Standing Order. The February 10, 2023 Standing Order explicitly requires objecting parties to provide "a concise statement of the precise basis for the objection [and] a legal memorandum supporting the objection."

3

Plaintiffs have provided neither.  Instead, Plaintiffs filed a list of generalized objections to findings and conclusions within the R&R, without any citation to legal authority or elaboration.  While Plaintiffs do reference the arguments raised in their Opposition (Doc. 38), this fails to satisfy their obligations for at least two reasons.  First, the Local Rules explicitly prohibit incorporation by reference.  M.D. Fla. R. 3.01(f) ("A motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief.").  Second, "[i]t is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a second bite at the apple when they file objections to a R & R." *Hall v. Sargeant*, No. 18-cv-80748, 2018 WL 6019221, at *1 (S.D. Fla. Nov. 16, 2018) (quotation omitted).  Accordingly, the Court declines to address Plaintiffs' improper, conclusory, and general objections and they will be overruled without further discussion.  *See Marsden*, 847 F.2d at 1548; *see also Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (holding that "only objections that identified specific findings set forth in the R & R and articulated a legal ground for objection" were entitled to *de novo* review).

  Turning to Defendant's Objections, Defendant argues that the Magistrate Judge erred in not finding that the warranty claims are preempted by the ADA and that the breach of contract claim falls within the *Wolens*[1] exception and states a claim.  With respect to Defendant's first argument—regarding the warranty claims—there has been no objection to the finding that such claims, regardless of preemption, are subject to

---

[1] *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995).

4

dismissal for failure to state a claim. "[F]ederal preemption of a state or local law is premised on the Supremacy Clause" and "courts should avoid reaching constitutional questions if there are other grounds upon which a case can be decided." *BellSouth Telecomms., Inc. v. Town of Palm Beach*, 252 F.3d 1169, 1176 (11th Cir. 2001) (citations omitted); *see also Tutwiler v. Sandoz, Inc.*, 726 F. App'x 753, 755 (11th Cir. 2018); *Cook v. Par Pharms., Inc.*, No. 2:15-cv-529, 2020 WL 1891256, at *4 (N.D. Ala. Apr. 16, 2020). Thus, because sufficient grounds exist to dismiss the warranty claims for failure to state a claim, the Court declines to address Defendant's first objection.

In its second objection, Defendant argues that the Magistrate Judge erred in determining that Plaintiffs had alleged a viable claim for breach of contract that was not preempted by the ADA. With respect to Defendant's failure to state a claim argument, as noted in the R&R, Defendant's argument too narrowly construes the allegations of the First Amended Class Action Complaint. Although far from a model of clarity, the allegations of Count II can be fairly read to assert a claim that Plaintiffs and Defendant contracted for the provision of a single, free personal item of a specified size and Defendant failed to adhere to that agreement when Plaintiffs presented complying items. (Doc. 12, ¶¶ 410–413). Therefore, Defendant's objection to the finding that Plaintiffs adequately alleged the elements of a breach of contract claim is without merit.

With respect to Defendant's preemption argument, this is largely a rehashing of the arguments already raised and rejected in Defendant's initial briefing. Defendant fails to point to any error in the R&R aside from its generalized disagreement with the result. As stated above, the Court is under no obligation to give Defendant a second bite at the apple. Nevertheless, having considered the allegations of the First Amended Class

5

Action Complaint, *Wolens*, and the authorities cited by Defendant, the Court agrees with the findings set forth the R&R. While inartfully pleaded, the Court finds that Count II alleges a claim within the *Wolens* exemption as it seeks to litigate "voluntary commitments and not state-imposed obligations." *Bailey v. Rocky Mountain Holdings, LLC*, 889 F.3d 1259, 1268 (11th Cir. 2018). Contrary to Defendant's contentions, it is not clear at this stage of the proceedings that to resolve the claims alleged in Count II the Court will need to look beyond the express and implied terms of the COC. Defendant's second objection will also be overruled.

## IV.   CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Objections (Doc. 48) are **OVERRULED**.
2. Plaintiffs' Objections (Doc. 49) are **OVERRULED**.
3. The Report and Recommendation (Doc. 47) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
4. Defendant's Motion to Compel (Doc. 15) is **DENIED as moot**.
5. Defendant's Motion to Dismiss (Doc. 16) is **GRANTED in part** as set forth in this Order and the R&R and **DENIED** in all other respects.
6. Plaintiffs Taylor Harrington and Sharon Pine's claims are **DISMISSED with prejudice**. The Clerk is directed to terminate Taylor Harrington and Sharon Pine as Plaintiffs in this case and amend the case style accordingly.
7. Counts 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 and all class claims in the First Amended Class Action Complaint (Doc. 12) are **DISMISSED without prejudice**.

8. On or before **September 20, 2024**, Plaintiffs shall file an amended pleading to remove all dismissed claims, parties, and allegations in accordance with this Order and the R&R.

9. On or before **September 20, 2024**, Plaintiffs shall **SHOW CAUSE** as to why this case should not be dismissed for want of subject-matter jurisdiction. Failure to fully comply with this Order and the R&R may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Orlando, Florida on September 9, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record